### 53757. PERKINS v. THE STATE.

SMITH, Judge.

Perkins appeals from the trial court's denial of his double jeopardy plea. We find that a prior conviction does bar this prosecution, and we therefore reverse.

On July 31, 1975, an arrest warrant was issued for Perkins on account of his April 24, 1975, sale of more than an ounce of marijuana to an undercover agent. In the State Court of Clayton County on October 15, 1975, Perkins, without an attorney, pled guilty to a charge that on April 24, 1975, he unlawfully possessed less than an ounce of marijuana. The state court imposed a $50 fine and "first offender treatment . . . for a period of twelve months." On September 25, 1975, in the Superior Court of Clayton County Perkins was indicted for the April 24, 1975, unlawful sale of more than an ounce of marijuana. On April 26, 1976, Perkins pled that the superior court prosecution was barred by the prior state court conviction. For the court's reliance in ruling upon his plea, Perkins' attorney and the assistant district attorney stipulated as true that "the defendant in this case is the same person" as the defendant in the state court case and that both cases "arose out of the same transaction, the same criminal conduct, and are based upon the same material facts." On September 9, 1976, the superior court overruled Perkins'

plea on the ground that the state court lacked jurisdiction of the matter and its sentence thus was "void and of no effect." It is undisputed that Perkins was serving the state court sentence and complying with the imposed probation at the time he made his plea and that he continued to do so.

In *State v. Estevez,* 232 Ga. 316 (206 SE2d 475), the Supreme Court emphasized the dual aspects of the double jeopardy proscription, set out in Code §§ 26-505, 26-506, and 26-507. First of all, there are restrictions upon multiple *prosecutions* arising out of the same criminal conduct. Second, there are restrictions upon multiple *convictions* arising out of the same criminal conduct. Estevez was convicted of illegal possession and illegal sale of cocaine, two crimes, both stemming from the same conduct. The Supreme Court found that, since the evidence proving sale was the only evidence showing possession, the possession conviction was violative of the double jeopardy bar of Code § 26-506 (a) (1). In this case, as stipulated by the parties and analogous to the situation in *Estevez,* the only evidence showing sale is that used to convict Perkins of possession. Therefore a conviction of Perkins for sale of marijuana would be barred. Code § 26-506 (a) (1). See also *Manis v. State,* 135 Ga. App. 71 (217 SE2d 396).

In *Keener v. State,* 238 Ga. 7, 8 (230 SE2d 846), the Supreme Court anticipated such a case as this one: ". . . the bar to multiple convictions may have a procedural aspect where the crimes arising out of the same criminal transaction are tried separately. Where crimes are tried separately it is generally held that if multiple convictions arising out of a single prosecution are barred they will likewise be barred from successive prosecution. Therefore when crimes are to be prosecuted separately the more serious known crimes should be prosecuted first to avoid the conviction of a lesser crime barring a subsequent prosecution for a more serious crime." See Brown v. Ohio, — U. S. — (Case No. 75-6933, decided June 16, 1977), which supports the Supreme Court's reasoning in *Keener.* Perkins' prior conviction of possession thus bars any prosecution for sale.

The superior court's holding that the prior prosecution was void because the state court lacked juris-

diction is erroneous. It may be true that the affiant for the warrant alleged that the defendant sold more than an ounce of marijuana and therefore of necessity possessed more than an ounce, a felony. But the fact remains that this defendant was tried and convicted under a proper accusation for possession of less than an ounce, a misdemeanor which was within the jurisdiction of the State Court of Clayton County. Even though the evidence in a case indicates a felony was committed, prosecuting authorities — because of weak proof or whatever other reason — may very well elect to try the defendant in state court for a misdemeanor included within that felony. The fact that they have so proceeded will not deprive the state court of jurisdiction; therefore under Brown v. Ohio, supra, any further prosecution is barred.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED APRIL 5, 1977 — DECIDED JULY 15, 1977 — REHEARING DENIED JULY 29, 1977 —

*Calhoun A. Long,* for appellant.

*J. W. Bradley, Assistant District Attorney,* for appellee.