## 55340. THE STATE v. GILDER.

BIRDSONG, Judge.

The State of Georgia brings this appeal from the grant by the trial court of a motion to dismiss an indictment because of double jeopardy. The facts show that the appellee Gilder was apprehended on March 4, 1977, driving a vehicle while intoxicated and utilizing a previously revoked driver's license. Gilder entered pleas of guilty in the State Court of Chatham County to these offenses, and was sentenced therefor. On July 5, 1977, Gilder was indicted for the habitual violator felony proscribed by Code Ann. § 68B-308 (c), based on the misdemeanor of March 4, 1977. Gilder filed a plea in bar pursuant to the provisions of Ga. L. 1968, pp. 1249, 1267 (Code Ann. § 26-506 (b)) which the superior court granted. This appeal followed. *Held:*

We affirm. The landmark decision in Georgia on double jeopardy is *State v. Estevez,* 232 Ga. 316 (206 SE2d 475). That case held that questions of double jeopardy must be determined under the statutory proscriptions of Code Ann. §§ 26-505, 26-506, and 26-507. Code Ann. § 26-506 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . ."

It is manifest that the offenses in this case all arose from "the same conduct" in the "same transaction." This is true because in order to indict one as "an habitual violator" under the provisions of Ga. L. 1975, pp. 1008,

1032 (Code Ann. § 68B-308), the state must prove the violation of other statutes or ordinances. Necessarily this ultimately requires proof of all the elements of the other offense. This automatically makes the other offense a lesser included offense of the habitual violator statute under the test set forth in Code Ann. § 26-505 (Ga. L. 1968, pp. 1249, 1267). See Brown v. Ohio, 432 U. S. 161 (97 SC 2221, 53 LE2d 187). As charged in this case, it also makes the lesser included misdemeanor offenses inseparable from the felony habitual violator offense for purposes of double jeopardy. See *Chumley v. State,* 235 Ga. 540 (2) (221 SE2d 13).

In effect Code Ann. § 26-506 proscribes multiple convictions and successive prosecutions for the "same conduct"; the bar to "successive prosecutions" is distinct from the bar to "multiple convictions." *State v. Estevez,* supra, p. 318. We are here concerned primarily with the prohibition of successive prosecutions, referred to as the procedural aspect of double jeopardy and intended to prevent harassment of the accused. *Keener v. State,* 238 Ga. 7, 8 (230 SE2d 846). Code Ann. § 26-506 requires that several crimes arising from the same conduct, all of which lie within the jurisdiction of a single court, must be prosecuted in a single prosecution. This is this state's procedural bar to successive prosecutions.

It is obvious from the face of the accusations and indictment that the dates of all offenses were the same and arose from the same conduct, and were or should have been known to the prosecutor at the time of the misdemeanor convictions. It also is obvious that notwithstanding the court in which the misdemeanor offenses actually were tried, all known offenses, including the habitual violator felony offense were within the jurisdiction of a single court, viz.: the superior court. The state by its election to proceed separately as to the misdemeanor offenses is subject to the caveat that when related crimes are prosecuted separately, the more serious crimes should be prosecuted first to avoid the conviction of a lesser crime barring a subsequent prosecution for a more serious crime. See *Keener v. State,* supra.

In the instant case, all known charges should have been prosecuted in the same court at the same time.

Prosecution of the misdemeanor offenses in the lower court now prevents the successive prosecution in a higher court on the felony charge, where all charges arose out of the same conduct, were within the jurisdiction of a single court, and were known to the prosecutor at the time of commencing the prosecution in the lower court. Code Ann. § 26-506 (b); *State v. Estevez*, 238 Ga. pp. 318, 319, supra.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 31, 1978 — DECIDED APRIL 4, 1978 — REHEARING DENIED APRIL 25, 1978 — CERT. APPLIED FOR.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Kenneth R. Fielder, Assistant District Attorneys,* for appellant.

*Charles C. Osbun,* for appellee.