## 66365. MORGAN v. THE STATE.

POPE, Judge.

During the August 1982 term of Barrow Superior Court, appellant was indicted for violation of the Georgia Controlled Substances Act. This indictment (number 19579) charged appellant with one count of possession of marijuana and one count of possession of 3, 4-methylenedioxy-amphetamine (MDA). Both possession charges arose out of a search of appellant's residence on February 20, 1982. Appellant entered a plea of guilty which was accepted on October 15, 1982, and he was sentenced to six years probation and a

$2,000 fine.

In Barrow County on February 7, 1983, appellant was charged on two separate indictments for the sale of MDA. Indictment number 20017 charged appellant with the sale of MDA on February 13, 1982, and indictment number 20018 with the sale of MDA on February 19, 1982. Appellant appeals the denial of his pleas of autrefois convict and of double jeopardy pursuant to *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982).[1]

1. Appellant contends that his plea to indictment number 19579 was a negotiated plea of guilty to all pending charges and, thus, acts as res judicata to all offenses occurring during the same time. However, on the date his guilty plea was accepted to the two counts of *possession* of marijuana and MDA contained in indictment number 19579, the record reveals no other pending charges against him. The two indictments charging the sale of MDA were subsequently handed down on February 7, 1983.

2. Appellant further seeks to bolster his double jeopardy assertion by characterizing as similar the offenses charged in all three indictments and by stressing that all three allegedly occurred within a time span of one week. In this manner, appellant apparently hopes to convince this court that the crimes charged in all three indictments involved the same conduct so as to bar prosecution on the latter two indictments pursuant to OCGA §§ 16-1-7 (a) (Code Ann. § 26-506) and 16-1-8 (b)(1) (Code Ann. § 26-507). We are not persuaded by this argument.

In order for conduct to constitute the same transaction, it must be identical both as a matter of fact and as a matter of law. *Hiatt v. State,* 133 Ga. App. 111, 113 (210 SE2d 22) (1974), and cits. At the outset, we note that *possession* of an illegal drug is a crime separate and distinct from the illegal *sale* of that same substance. See *State v. Estevez,* 232 Ga. 316 (1) (206 SE2d 475) (1974). This is especially true as a matter of law and of fact where, as here, the illegal possession counts in indictment number 19579 stemmed from a search and seizure performed on February 20, 1982, and the dates of the alleged sales of MDA were stated on indictment numbers 20017 and 20018 as February 13, 1982 and February 19, 1982 respectively. On these facts, we do not agree that there was one transaction involved and that the possession arose out of the same conduct. Cf. *Mann v. State,* 160 Ga.

---

[1] We note that the notice of appeal in the present case was filed on February 25, 1983 prior to the entry of the order of the trial court on March 7, 1983. Under the opinion of the Supreme Court in *Cunningham v. State,* 232 Ga. 416 (207 SE2d 48) (1974), however, this does not constitute a basis for dismissal of this criminal appeal.

App. 527 (287 SE2d 325) (1981); *State v. Gilder,* 145 Ga. App. 731 (245 SE2d 3) (1978). Moreover, it is obvious that in order for the state to prove each designated illegal *sale* of MDA, each prosecution will require proof of a fact not required on the prior prosecution for *possession* of the illegal substances. See OCGA § 16-1-8 (b)(1) (Code Ann. § 26-507).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 3, 1983 —
REHEARING DENIED OCTOBER 6, 1983.

*Victoria D. Little, Eric Welch,* for appellant.
*Timothy G. Madison, District Attorney, Larry L. Duttweiler, Assistant District Attorney,* for appellee.