### 43293. COLEMAN v. THE STATE.
(343 SE2d 695)

GREGORY, Justice.

Michael Coleman was indicted for murder and kidnapping ,with bodily injury. Coleman pled guilty and was sentenced to two concurrent life sentences. Three years later, Coleman filed an extraordinary motion to withdraw his guilty plea. The trial court denied the motion, and we affirm.

Before Coleman's arraignment, the district attorney agreed not to seek the death penalty if Coleman would plead guilty. Coleman pled guilty to both counts of the indictment at a hearing on June 3, 1982. Following the plea, the trial court informed Coleman he could withdraw the plea until the time the court pronounced sentence, but not afterwards. At the conclusion of the hearing, the judge orally sentenced Coleman. A written sentence was filed with the clerk of the court on June 7, 1982.

Coleman filed an "extraordinary motion to withdraw guilty plea" on September 7, 1985. A hearing was held and transcribed on February 7, 1986. At the beginning of the hearing, the trial court denied Coleman's request for appointed counsel to argue his motion. The

trial court later denied the motion as being untimely and without merit.

1. Coleman contends the trial court erred by informing him he could not withdraw his guilty plea after pronouncement of the sentence. He claims his court-appointed attorney also misled him the day after the pronouncement of sentence by advising him that he no longer had the right to withdraw the plea. Coleman claims these were incorrect statements of law because OCGA § 17-7-93 gives defendants the right to withdraw guilty pleas until the plea is reduced to writing and filed with the clerk of the court. Coleman's argument is without merit, however, since this court has determined that oral pronouncement of sentence by the trial court ends any absolute statutory right to withdraw a guilty plea. *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). Since Coleman's argument fails on the merits, we need not decide whether his pursuit of the motion was procedurally proper.

2. Coleman also claims the trial court erred in denying his request for an appointed attorney to present his motion. The trial court may exercise discretion and refuse a request for appointed counsel on a motion to withdraw a guilty plea filed after the term of the court at which the judgment of conviction was rendered. *Conlogue v. State*, 243 Ga. 141 (6) (253 SE2d 168) (1979). Cf. *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984) (disapproving certain language not pertinent here in *Conlogue v. State*).

3. Coleman claims a brief hearing was held on his motion on February 6, 1986, and that no transcript was made of this hearing. He contends the court erred in allowing him to proceed without a qualified court reporter or stenographer present recording the proceedings.

The record does not indicate that a hearing was held on February 6, 1986, as Coleman contends. However, a hearing was held and transcribed the next day at which all issues were discussed and Coleman was given a full opportunity to present his case. Since Coleman has not demonstrated any harm by the absence of a transcript from the alleged earlier proceeding, we find this enumeration of error to be without merit.

4. Finally, Coleman claims the trial court erred in entertaining arguments by the State that the motion was untimely filed and eventually ruling that the motion was untimely. But since the judge also ruled correctly on the merits of the case, we need not reach issues of timeliness.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 10, 1986 —
RECONSIDERATION DENIED JUNE 24, 1986.

Murder, etc. Chattahoochee Superior Court. Before Judge Whisnant.

Michael F. Coleman, *pro se.*
*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.