### 71882. THE STATE v. WHITLOCK.
(346 SE2d 896)

POPE, Judge.

The State appeals from the grant of the defendant's plea of autrefois convict based upon her claim of double jeopardy. Defendant Whitlock was charged by an officer of the Toccoa Police Department with the offenses of driving under the influence of alcohol and/or drugs in violation of OCGA § 40-6-391, possession of one-half tablet of diazepam in violation of the Georgia Controlled Substances Act (Schedule IV), and tampering with evidence, all of which were alleged to have occurred on March 21, 1985 in one continuing transaction. Whitlock was summoned to appear before the Recorder's Court of the City of Toccoa on June 14, 1985 to answer the DUI charge, to which the court accepted her plea of nolo contendere and entered a sentence of a fine and probation. On September 3, 1985 the Grand Jury of Stephens County returned an indictment charging Whitlock with the felony offenses of possession of diazepam and tampering with evidence. Prior to arraignment Whitlock filed her motion in autrefois convict and a hearing was held during which it was shown that the City of Toccoa had adopted the Uniform Rules of the Road pursuant to OCGA §§ 40-6-372 and 40-6-391 (4) (d) (1), incorporating those statutes as ordinances of the city, and that Whitlock was charged with driving under the influence of drugs under those provisions.

The superior court found that the prosecution in Recorder's Court was for a "state crime" within the meaning of OCGA § 16-1-7 (a), so that there was no "successive state and municipal prosecution," which is not precluded thereunder (see *Fuller v. State*, 169 Ga. App. 468 (3) (313 SE2d 745) (1984)); further, the superior court found that both the possession and the DUI charges arose from the same

conduct and rested upon the same proof; therefore, the court concluded that the case fit within the context of *Rogers v. State*, 166 Ga. App. 299 (304 SE2d 108) (1983), and the plea of former jeopardy was meritorious. On appeal the State contends that because the prosecution in Recorder's Court was based on the violation of a city ordinance and the factual and legal elements of both crimes are separate and distinct, there was neither a procedural nor substantive double jeopardy basis upon which to grant the defendant's motion. *Held*:

We reverse. Our analysis is guided by the following outline of the relevant statutes found in *McCannon v. State*, 252 Ga. 515, 517-18 (315 SE2d 413) (1984): "OCGA § 16-1-7 (b). . . . If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section. OCGA § 16-1-8 (b). . . . A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) resulted in either a conviction or acquittal and: (i) the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution; or (ii) is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge); or (iii) is for a crime which involves the same conduct, unless (A) each prosecution requires proof of a fact not required on the other prosecution or (B) the crime was not consummated when the former trial began."

There is no evidence of record that the prosecutor here had knowledge of the charge of driving under the influence or the disposition of that charge prior to the commencement of the prosecution for the charges of possession and tampering with evidence. Thus, OCGA § 16-1-7 (b) would not bar the present prosecution. Cf. *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985). Nor is the present prosecution barred under subsection (i) of the outline above because Whitlock could not have been convicted of possession of a controlled substance or tampering with evidence in the prosecution for DUI in Recorder's Court. No bar is presented by subsection (ii) above either. Since the prosecutor did not know of the DUI prosecution and Recorder's Court has no jurisdiction over the remaining charges, obviously Whitlock should not have been charged with these crimes in that prosecution. See *Webb v. State*, 176 Ga. App. 576 (336 SE2d 838) (1985).

Finally, subsection (iii) of the *McCannon* outline is not a bar because the prosecution of the DUI and the possession and tampering charges do not involve proof of the same facts. Appellee relies on the case of *Rogers v. State*, supra, for the proposition that the crimes of driving under the influence of drugs and possession of drugs necessa-

rily involve proof of the same facts. We find that *Rogers* does not stand for this proposition. "The offenses here did arise out of the same conduct, that is, the act of driving, but his possession of the controlled substance is separate and distinct from the conduct required to establish the offense of driving under the influence." *Rogers* at 300. Proof that a person was driving or in actual physical control of a moving vehicle while under the influence of a partaken drug to a degree which rendered him incapable of driving safely is necessary for a DUI conviction. Proof that a person possessed or had under his control a drug which he had not ingested is necessary for a possession conviction. Clearly, proof of facts in one prosecution is not the same as required in the other. Cf. *State v. Estevez*, 232 Ga. 316 (1) (206 SE2d 475) (1974) (possession of illegal drug is separate crime from sale of illegal drug). See also *Morgan v. State*, 168 Ga. App. 310 (2) (308 SE2d 583) (1983).

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 23, 1986.

*Michael H. Crawford, District Attorney, Leonard Geldon, Assistant District Attorney*, for appellant.
*Christopher Duncan*, for appellee.