44262. POWE v. THE STATE.
(361 SE2d 811)

BELL, Justice.

This opinion concerns the proper interpretation of OCGA § 16-1-7 (b), which states that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." On direct appeal of this case the Court of Appeals affirmed the superior court's denial of Powe's plea in bar to his felony prosecution. We granted certiorari to consider whether § 16-1-7 (b) should apply only to crimes which are actually known to the prosecuting officer actually handling the proceedings. Today, in *Baker v. State*, 257 Ga. 567, 568 (361 SE2d 808) (1987), we hold that the statute applies " 'only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings.' " As we will explain in the remainder of this opinion, we find that the rule of *Baker* controls this case, and,

applying that rule to this case, we affirm the judgment of the Court of Appeals.

The facts are as follows: Eddie L. Powe received a ticket for making an improper lane change, following a traffic stop on April 29, 1986, on Interstate 75 in Bibb County. Police officers found marijuana and a pistol in his car and, on May 7, Powe was indicted for the felony offense of trafficking in marijuana.[1] On May 6 or 7, Powe's attorney talked with an assistant state court solicitor about acceptance of a guilty plea from Powe on the improper lane change charge, asking the assistant solicitor to dispose of the case quickly because Powe lived out of town and could not make bail. Powe's attorney did not mention the pending felony case and the solicitor's office was otherwise unaware of the felony charge. The solicitor's office agreed to place the lane change offense on the May 8 plea calendar.

On May 8 Powe appeared without counsel in Bibb County State Court to enter his guilty plea. When the court asked Powe if he had other charges outstanding against him, he said he had a case pending in Bibb County Superior Court but did not state that the pending case was the marijuana trafficking charge. Neither the judge nor the assistant solicitor asked Powe whether the state court and superior court cases were related. The court accepted Powe's plea and orally sentenced him to pay court costs. The assistant state court solicitor who handled the guilty plea learned from a newspaper article the next morning about Powe's indictment on the related felony charge, and, as a result, moved to nolle pros the improper lane change offense. The state court judge withdrew Powe's guilty plea, which had never been formally entered, and transferred Powe's case to superior court. The judge also granted the motion to nolle pros the improper lane change offense. Powe then filed his plea in bar in superior court, the denial of which was affirmed by the Court of Appeals.

After reviewing this case we find that the "proper prosecuting officer" was the assistant state court solicitor who actually handled the taking of Powe's guilty plea on the improper lane change offense. We conclude, further, that as to him there has been no showing of actual knowledge of the felony case pending against Powe. Although the better practice would have been for the assistant solicitor to have explored the nature of the pending superior court case once Powe had mentioned it, the solicitor was not required to do so under the rule we establish today in *Baker*. Moreover, nothing in Powe's answer to the trial court's question provided, in and of itself, any indication that

---

[1] The district attorney was aware of the traffic charge at that time. Powe was reindicted on June 2. The reindictment contained an additional count against Powe, charging him with possession of a firearm during the commission of a felony, but, like the first indictment, did not charge the traffic offense.

the case in superior court arose out of the same conduct as the traffic charge.

As we observe in *Baker*, supra, 257 Ga. at 568, "the adoption of this rule does not impose an unfair or inequitable burden on the defendant, since he can invoke the procedural protection of § 16-1-7 (b) by the simple act of apprising the proper prosecuting officer of the existence of any crimes arising from the same conduct which are not actually known to that officer." In the instant case, Mr. Powe could have availed himself of the protection of § 16-1-7 (b) by the minimal act of telling the assistant solicitor who attended the state court proceedings that the charges in state and superior courts arose from the same conduct, but he did not do so. To permit the defendant to invoke § 16-1-7 (b) under the circumstances of this case would be the sort of miscarriage of justice which our decision in *Baker*, supra, 257 Ga. at 568, is designed to prevent.

For the foregoing reasons, we hold that, because the assistant state solicitor who handled the guilty plea did not have actual knowledge of the felony case, there was no violation of OCGA § 16-1-7 (b). The trial court therefore did not err in denying the plea in bar.[2]

*Judgment affirmed. All the Justices concur, except, Smith, J., who dissents.*

SMITH, Justice, dissenting.

Both of these cases involve OCGA § 16-1-7 (b), double jeopardy. Both appellants were arrested and charged with a traffic violation and also a felony charge as part of the same transaction.[1] The traffic violation in each case was disposed of first, bringing OCGA § 16-1-7 (b) into play.

Case number 44262. When appellant Powe was tried for the traffic violation, he was asked by the court if he had other cases pending against him and he said "Yes, one in superior court." Neither the judge nor solicitor asked him anything about the nature of the case pending in superior court and proceeded to try and sentence him for the misdemeanor. When the state court judge learned of the related felony pending in superior court, he "withdrew" the plea and *nolle prossed* the traffic case. When the felony came on for trial, appellant Powe pled double jeopardy. OCGA § 16-1-7 (b) states that crimes arising from the same conduct that are known to proper prosecuting officers at the time of prosecution, if both are in the jurisdiction of a

---

[2] We are cognizant that the Court of Appeals addressed other issues in its opinion in this case. However, we did not grant certiorari to consider those other issues, nor have we considered them on certiorari.

[1] Appellant Powe was charged with a traffic violation, trafficking in marijuana and possession of a firearm. Baker was charged with a traffic violation and as an habitual violator.

single court, must be prosecuted in a single prosecution.

This Court in *Coleman v. State,* 256 Ga. 77, 78 (343 SE2d 695) (1986), held announcement of the sentence "ends any absolute statutory right to withdraw a guilty plea." This certainly would be applicable to the pronouncement of a sentence by the Court. It is final and cannot be set aside except in unusual circumstances which are not present here. See *Perkins v. State,* 143 Ga. App. 124 (237 SE2d 658) (1977).

Case number 44543. Appellant Baker entered a guilty plea to a traffic violation on July 2, 1985. He was indicted October 15, 1985, on an habitual violator charge. Appellant Baker moved to dismiss based upon OCGA § 16-1-7 (b). His motion was denied on the ground that the prosecutor did not know about the habitual violator charge at the time of the guilty plea to the traffic charge.

The holding in both cases is that OCGA § 16-1-7 (b) applies only to such crimes that are *actually* known to the prosecuting officer *actually* handling the proceedings.

The opinion states that the defendant can invoke the procedural protection of OCGA § 16-1-7 (b) by simply apprising the proper prosecuting officer of the existence of other crimes arising from the same conduct. If this is required before one can use OCGA § 16-1-7 (b), then obviously OCGA § 16-1-7 (b) has been repealed and is of no effect. I cannot imagine any prosecuting officer being so stupid as to prosecute the defendant for a lesser crime in the same transaction when he has been told by the defendant that he has a felony case pending in another court. The majority nullifies the legislative intent here by requiring the defendant to tell the court of all existing pending cases.

In appellant Powe's case, he notified the court there was another case. Neither the court nor the solicitor bothered to inquire further. The majority would require that the defendant describe the crime by letter and verse.

In appellant Baker's case, the majority stated that since he did not establish that the prosecutor had knowledge of the felony offense that arose from the same conduct, the double jeopardy plea could not prevail.

The ludicrous part of this is the state had already destroyed all of the records dealing with the prosecutor's knowledge, thereby forestalling appellant Baker from proving anything.

The majority opinion puts forth two inescapable conclusions: (1) OCGA § 16-1-7 (b) is as worthless as a plugged nickel and only clutters up the code. (2) It makes of every defendant, unwilling though he be, an assistant prosecutor assigning to him the responsibility of

keeping up with cases in court and informing the prosecutor of such.[2]

This result is not what was intended by the legislature when it enacted the statute. It was never intended that the defendant should do the work for the prosecuting attorney. This is the end result of the majority opinion.

DECIDED NOVEMBER 5, 1987.

*Daniel, Batcheller & Hunt, J. Robert Daniel,* for appellant.
*Donald F. Samuel,* amicus curiae.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assistant District Attorney,* for appellee.
*Spencer Lawton, Jr., District Attorney,* amicus curiae.

---

[2] Is this not a violation of one's Fifth Amendment rights? Does not this opinion require a defendant to testify and give evidence against himself?