## 44543. BAKER v. THE STATE.
(361 SE2d 808)

BELL, Justice.

George Herman Baker was arrested by the Gwinnett County Police Department on May 14, 1985, for driving with no taillights. Officers also charged him with the felony offense of operation of a motor vehicle by a habitual violator. Baker entered a guilty plea to the traffic violation on July 2, 1985, in Gwinnett County State Court. A Gwinnett County Grand Jury indicted Baker on October 15, 1985, on the habitual violator charge. Baker, on November 20, 1985, filed a motion to dismiss the indictment based on a claim of procedural double jeopardy, which was denied by the trial court. The Court of Appeals upheld the trial court's ruling. (*Baker v. State,* an unpublished opinion of the Court of Appeals, decided March 10, 1987.) We affirm.

Baker bases his double jeopardy claim on OCGA § 16-1-7 (b): "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." It is undisputed that the traffic charge and the habitual violator charge arose from the same conduct and were within the jurisdiction of the Superior Court of Gwinnett County. The issue drawn into question on certiorari is whether the habitual violator crime was "known" to the assistant solicitor at the

---

[2] Is this not a violation of one's Fifth Amendment rights? Does not this opinion require a defendant to testify and give evidence against himself?

time of the guilty plea on the traffic charge.

Before answering this question, a review of the evidence introduced at the double jeopardy hearing is necessary. Baker's arrest report indicates that Baker was charged with driving without taillights and with being a habitual violator. However, the assistant solicitor who handled Baker's case testified that the solicitor's office often was not provided with a copy of an arrest report, and often proceeded only with a traffic violation, a warrant, or other relevant paperwork. The assistant solicitor also testified that he did not remember whether an arrest report was in Baker's file, but that, if a file contained information indicating that a felony was involved, it was his practice to send that file to superior court. The solicitor's office, in keeping with a policy that called for destruction of files 90 days after disposition of a case, destroyed Baker's state court file before the superior court proceedings. For the foregoing reasons Baker was unable to establish that the assistant solicitor had actual knowledge of the felony offense.

Baker, however, argues that this court, in determining whether the habitual violator charge was "known" to the assistant solicitor, should employ a constructive knowledge standard. He relies on the following language from *State v. Gilder*, 145 Ga. App. 731, 732 (245 SE2d 3) (1978), affirmed 242 Ga. 285 (248 SE2d 659) (1978): "It is obvious from the face of the accusations and indictment that the dates of all offenses were the same and arose from the same conduct, and were or *should have been known* to the prosecutor at the time of the misdemeanor convictions." (Emphasis supplied.) Baker contends that the assistant solicitor should have known of the habitual violator charge, since Baker's arrest report was either in the solicitor's file or was available for his use.

We decline, however, to use a constructive knowledge standard. First, it appears that the "should have known" language of *Gilder*, supra, 145 Ga. App. at 732, was dicta, since the Court of Appeals' holding was premised on its finding that the misdemeanor offenses "were known to the prosecutor at the time of commencing the prosecution in the lower court." *State v. Gilder*, supra, 145 Ga. App. at 733. Moreover, we can find no other case in this state adopting this standard. Most importantly, we conclude that such a standard is not mandated by the statute, and would place too great a burden on prosecutors, who would have to institute strict requirements to insure that all police agencies with whom they work file complete arrest reports on every case.

Recognizing the difficulties that could result from a constructive knowledge test, we decline to adopt it. Instead, we will adopt the test suggested by the concurring opinion of Justice Weltner in *McCannon v. State*, 252 Ga. 515, 519 (315 SE2d 413) (1984), applying OCGA §

16-1-7 (b) "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings." (Emphasis in original.) As noted by Justice Weltner, this construction will "obviate the possibility of a miscarriage of justice in cases where the commission of other crimes arising from the same conduct may *not* be within the actual knowledge of the prosecuting officer actually handling the prosecution." *McCannon*, supra, 252 Ga. at 519. (Emphasis in original.) Moreover, the adoption of this rule does not impose an unfair or inequitable burden on the defendant, since he can invoke the procedural protection of § 16-1-7 (b) by the simple act of apprising the proper prosecuting officer of the existence of any crimes arising from the same conduct which are not actually known to that officer.

Applying this holding to the present case, we find that, since Baker did not establish that the assistant solicitor had actual knowledge of the felony offense that arose from the same conduct as the traffic charge, the state may proceed with its prosecution of the habitual violator offense against Baker.

*Judgment affirmed. All the Justices concur, except, Smith, J., who dissents.*

SMITH, Justice, dissenting.

Both of these cases involve OCGA § 16-1-7 (b), double jeopardy. Both appellants were arrested and charged with a traffic violation and also a felony charge as part of the same transaction.[1] The traffic violation in each case was disposed of first, bringing OCGA § 16-1-7 (b) into play.

Case number 44262. When appellant Powe was tried for the traffic violation, he was asked by the court if he had other cases pending against him and he said "Yes, one in superior court." Neither the judge nor solicitor asked him anything about the nature of the case pending in superior court and proceeded to try and sentence him for the misdemeanor. When the state court judge learned of the related felony pending in superior court, he "withdrew" the plea and *nolle prossed* the traffic case. When the felony came on for trial, appellant Powe pled double jeopardy. OCGA § 16-1-7 (b) states that crimes arising from the same conduct that are known to proper prosecuting officers at the time of prosecution, if both are in the jurisdiction of a single court, must be prosecuted in a single prosecution.

This Court in *Coleman v. State*, 256 Ga. 77, 78 (343 SE2d 695) (1986), held announcement of the sentence "ends any absolute statutory right to withdraw a guilty plea." This certainly would be applicable to the pronouncement of a sentence by the Court. It is final and

---

[1] Appellant Powe was charged with a traffic violation, trafficking in marijuana and possession of a firearm. Baker was charged with a traffic violation and as an habitual violator.

cannot be set aside except in unusual circumstances which are not present here. See *Perkins v. State*, 143 Ga. App. 124 (237 SE2d 658) (1977).

Case number 44543. Appellant Baker entered a guilty plea to a traffic violation on July 2, 1985. He was indicted October 15, 1985, on an habitual violator charge. Appellant Baker moved to dismiss based upon OCGA § 16-1-7 (b). His motion was denied on the ground that the prosecutor did not know about the habitual violator charge at the time of the guilty plea to the traffic charge.

The holding in both cases is that OCGA § 16-1-7 (b) applies only to such crimes that are *actually* known to the prosecuting officer *actually* handling the proceedings.

The opinion states that the defendant can invoke the procedural protection of OCGA § 16-1-7 (b) by simply apprising the proper prosecuting officer of the existence of other crimes arising from the same conduct. If this is required before one can use OCGA § 16-1-7 (b), then obviously OCGA § 16-1-7 (b) has been repealed and is of no effect. I cannot imagine any prosecuting officer being so stupid as to prosecute the defendant for a lesser crime in the same transaction when he has been told by the defendant that he has a felony case pending in another court. The majority nullifies the legislative intent here by requiring the defendant to tell the court of all existing pending cases.

In appellant Powe's case, he notified the court there was another case. Neither the court nor the solicitor bothered to inquire further. The majority would require that the defendant describe the crime by letter and verse.

In appellant Baker's case, the majority stated that since he did not establish that the prosecutor had knowledge of the felony offense that arose from the same conduct, the double jeopardy plea could not prevail.

The ludicrous part of this is the state had already destroyed all of the records dealing with the prosecutor's knowledge, thereby forestalling appellant Baker from proving anything.

The majority opinion puts forth two inescapable conclusions: (1) OCGA § 16-1-7 (b) is as worthless as a plugged nickel and only clutters up the code. (2) It makes of every defendant, unwilling though he be, an assistant prosecutor assigning to him the responsibility of keeping up with cases in court and informing the prosecutor of such.[2]

This result is not what was intended by the legislature when it enacted the statute. It was never intended that the defendant should

---

do the work for the prosecuting attorney. This is the end result of the majority opinion.

DECIDED NOVEMBER 5, 1987.

*Margaret G. Washburn,* for appellant.
*Thomas C. Lawler III, District Attorney, Phil Wiley, Assistant District Attorney,* for appellee.