A89A1765. ANDERSON v. THE STATE.
(390 SE2d 637)

BEASLEY, Judge.

Defendant appeals her sentence for speeding, urging that the trial court erred by refusing to permit withdrawal of her guilty plea after sentence was pronounced.

OCGA § 17-7-93 (b) grants defendant an absolute right to withdraw a guilty plea "before judgment is pronounced." Orally announcing the sentence constitutes a pronouncement under that code section. *Coleman v. State*, 256 Ga. 77, 78 (1) (343 SE2d 695) (1986); *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). "After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion." *Betancourt v. State*, 177 Ga. App. 738, 740 (341 SE2d 239) (1986).

At the time defendant offered her guilty plea, the trial court, by means of a plea statement, informed her of her rights and questioned defendant as to her understanding of the charges against her and the consequences of her plea. However, the court was not told that defendant contended the State had agreed to make a certain sentence recommendation. The court indicated that defendant would be sentenced after she was tried on another related charge. After that trial, in which defendant was acquitted, the court pronounced the sentence for speeding: one year's probation, a $400 fine and 40 hours of community service. Again, no mention was made concerning a negotiated

plea.

The following day, defense counsel sought to withdraw the guilty plea for the reason that the State had offered to recommend a $100 fine if she pled guilty. The trial court denied the motion, finding that defendant had failed to inform the court about the plea bargain on the two prior occasions and that defendant had been warned that in passing sentence the trial court would not be bound by any State recommendation as to sentence.

*Germany*, supra at 456, held that when a plea is offered, "the trial court shall, on the record, require the disclosure of any plea agreement which has been reached by the state and defendant." *Germany* furthermore mandated that if the court intended to reject the plea agreement it must inform defendant: "(1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right." Accord *Gordon v. State*, 190 Ga. App. 414 (2) (379 SE2d 221) (1989).

*Germany* places the burden squarely upon the trial court to inquire if there is an outstanding plea agreement and, if there is one, to advise defendant of the four requisite factors.

On the day the trial court accepted defendant's guilty plea to the charge of speeding, defendant and her counsel executed a document which recited: "that if I plead 'guilty' . . . to the charges against me, I give up all rights guaranteed to me and the court may sentence me to the same punishment as if I pled 'not guilty' " and was convicted; "that the punishment which the law provides . . . is up to 12 months imprisonment and up to a $1,000.00 fine"; "I declare that no one has made any promise of any kind to me, or within my knowledge to anyone else, that I will receive a lesser sentence, or probation, or any other form of leniency if I plead guilty." This constituted compliance with the *Germany*, supra, requirement that the court ascertain if any plea agreement was reached by the State and defendant. Moreover, defendant should not be permitted to disavow the statement without a showing demonstrating a good reason to disregard it, which was not here made.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 5, 1990.

*James W. Bradley*, for appellant.
*Keith Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor,*

for appellee.