### A90A0157. MORGAN v. THE STATE.

(394 SE2d 588)

BANKE, Presiding Judge.

On appeal from his conviction of driving under the influence of alcohol, the appellant contends that the trial court erred in denying his plea of former jeopardy.

On February 24, 1989, a Georgia state patrolman began pursuing the appellant in Pike County approximately one-half mile from the Spalding County line, after a radar check revealed that he was doing 69 miles per hour in a 55-mile-per-hour zone. The patrolman stated that he observed the appellant's vehicle "weaving" after it crossed into Spalding County and that he detected a strong odor of alcohol on the appellant's breath upon stopping him. It was further shown that the appellant had registered .19 on a breathalyzer test administered to him following his arrest.

The patrolman issued the appellant two uniform traffic citations, one charging him with speeding in Pike County and directing him to answer that charge in the Pike County Probate Court on March 22, 1989, and the other charging him with driving under the influence of alcohol in Spalding County and directing him to answer that charge on April 28, 1989, but without specifying the court or county in which he was to do so. On March 8, 1989, an accusation was filed in the State Court of Spalding County charging the appellant with driving under the influence. On April 20, 1989, the appellant pled guilty to the speeding charge in the Probate Court of Pike County and was ordered to pay a fine of $97. Thereafter, he filed a "motion to dismiss and plea in bar" in the State Court of Spalding County, seeking dismissal of the DUI accusation on double jeopardy grounds. After that motion was denied, he entered a plea of nolo contendere to the DUI charge, specifically reserving the right to appeal the denial of his plea in bar. *Held*:

OCGA § 16-1-7 (b) requires that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." In the present case, the charges of speeding and driving under the influence of alcohol clearly arose from the same transaction and therefore are considered to have arisen "from the same conduct" within the meaning of this Code section. See *McCannon v. State*, 252 Ga. 515, 518, n. 5 (315 SE2d 413) (1984). It is apparent that the patrolman elected to bring the speeding charge in Pike County because that was where he had clocked the appellant on radar and to bring the DUI charge in Spalding County because that was where he had observed his erratic driving. (Of course, under OCGA § 17-2-2, either offense could have been prosecuted in either county.) Obviously, the Solicitor of the State Court of Spalding County cannot be charged with knowledge or responsibility under these circumstances for the action of the Judge of the Probate Court of Pike County in accepting the appellant's plea of guilty to the speeding charge. Accordingly, we hold that the entry of this plea did not operate as a bar to the DUI prosecution. See *Powe v. State*, 257 Ga. 563 (361 SE2d 811) (1987); *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 11, 1990.

*Virgil L. Brown & Associates, Virgil L. Brown,* for appellant.
*John T. Newton, Solicitor, Griffin E. Howell III, Assistant Solic-*

*itor*, for appellee.