### A91A0963. ROGERS v. THE STATE.
(411 SE2d 289)

POPE, Judge.

On June 5, 1989, defendant Alfred Livingston Rogers pled guilty in the Superior Court of Chatham County to an accusation charging him with unlawfully possessing a controlled substance, cocaine, on or about April 19, 1989, and was sentenced to four years on probation with drug treatment. The cocaine was discovered along with $9,988 in cash during a search of defendant's vehicle, a 1970 Oldsmobile Cutlass, when he was stopped while driving west from Savannah on I-16. On August 8, 1990, a bench warrant was issued by the Superior Court of Dougherty County against defendant for conspiracy to sell and distribute cocaine, a violation of the Georgia Controlled Substances Act. Defendant filed a motion in autrefois convict and plea of former jeopardy on the ground that the substance of the later charge stemmed from the 1989 charge of possession of cocaine for which he had already been convicted and sentenced; and that a second criminal trial for an overt act based upon the same subject matter and criminal conduct would constitute double jeopardy in violation of the Sixth

and Fourteenth Amendments of the United States Constitution. After a hearing the trial court entered an order denying the motion, from which this appeal is taken. *Held*:

Defendant contends that under the general rule in Georgia as stated in *Perkins v. State*, 143 Ga. App. 124 (237 SE2d 658) (1977), where the only evidence showing a sale of a controlled substance is that used to convict for possession, a conviction of a sale would be barred. He also relies upon *Evans v. State*, 161 Ga. App. 468, 471 (288 SE2d 726) (1982), for the proposition that it is improper to convict a person of conspiracy of a crime and the crime itself. We do not find these cases to be pertinent to the facts here. In *Perkins*, the defendant was charged with and convicted of, in subsequent indictments, unlawful possession and unlawful sale of less than an ounce of marijuana. This court held that because the only evidence showing sale was that used to convict Perkins of possession, a conviction for sale was barred under OCGA § 16-1-7 (a) (1). In *Evans*, the charges were brought under the *general* conspiracy to commit a crime statute (OCGA § 16-4-8), whereas here defendant was accused of a conspiracy to commit an offense involving a controlled substance (OCGA § 16-13-33).

In the instant case defendant pled guilty to a substantive crime, possession of cocaine, in furtherance of a nonsubstantive crime, the conspiracy to sell cocaine. "In order for conduct to constitute the same transaction, it must be identical both as a matter of fact and as a matter of law. [Cit.] At the outset, we note that *possession* of an illegal drug is a crime separate and distinct from the illegal *sale* of that same substance. [Cit.]" *Morgan v. State*, 168 Ga. App. 310, 311 (2) (308 SE2d 583) (1983). "The totally separate crime described in OCGA § 16-13-33 is given equal punishment status with the crime which is the conspiracy objective. Thus, the legislature has deliberately separated out conspiracies and attempts in connection with certain controlled substances crimes and put them on the same footing. It is not a lesser-included offense, although it has sometimes been referred to as such. [Cits.] It does not come within Georgia's definition as provided in OCGA § 16-1-6. Proof of conspiracy to [sell and distribute cocaine] is not established by the same or less than all the facts needed for possession [of cocaine]; instead, some *different* facts are required, such as an agreement." (Indention omitted.) *Rowe v. State*, 181 Ga. App. 492, 495 (2) (352 SE2d 813) (1987). Accord *Brown v. State*, 181 Ga. App. 795 (354 SE2d 3) (1987); see also *Bridges v. State*, 195 Ga. App. 851 (395 SE2d 30) (1990). Thus, the second prosecution will require proof of facts not required on the prior prosecution for possession of the illegal substance. *Morgan*, supra. It follows that defendant's motion was properly denied.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATION DENIED OCTOBER 8, 1991.

*Beauchamp & Associates, Robert M. Beauchamp*, for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney*, for appellee.