## A03A0200. BROWN v. THE STATE.
(582 SE2d 588)

PHIPPS, Judge.

With the assistance of counsel, Thomas Spencer Brown pled guilty to voluntary manslaughter and aggravated stalking. Pro se, he appeals the denial of his motion to withdraw his guilty plea, asserting that no factual basis for his plea was presented, that the court ignored his claim of innocence, and that there was insufficient evidence with which to try him. Because Brown has failed to demonstrate that the trial court abused its discretion in denying his motion, we affirm.

1. Brown asserts that no factual basis for his plea was presented.

Uniform Superior Court Rule 33.9 provides, in relevant part, that "[n]otwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." "The purpose of [the rule] is to protect against someone pleading guilty when that person may know what he has done but may not know that those acts do not constitute the crime with which he is charged. [Cit.]"[1] "As [that rule] requires the trial court to exercise its discretion to subjectively satisfy itself that there is a factual basis for the plea, it is incumbent upon the trial court to produce a record on the basis of which a reviewing court can determine whether an abuse of discretion occurred. [Cits.]"[2]

The record reveals that at the plea hearing, the assistant district attorney stated that had the case gone to trial, the evidence would have shown that on July 14, 2000, the victim of the crimes was stabbed 24 times in her chest area, that around 3:30 to 4:00 a.m. on

---

[1] *State v. Evans*, 265 Ga. 332, 334 (2) (454 SE2d 468) (1995); see *Green v. State*, 265 Ga. 263, 264 (2) (454 SE2d 466) (1995).

[2] *Evans*, supra.

July 13,[3] Brown was seen behind the victim's apartment, that although Brown had indicated that he was at a crack house when the homicide occurred, a witness would testify that he was not there, that Brown had threatened the victim, that there had been several instances of domestic violence between Brown and the victim, that the victim had feared that Brown would eventually kill her, that about three weeks before her death the victim had taken out a restraining order against Brown, and that Brown's DNA was subsequently found on cigarettes at the victim's apartment.

This record demonstrates that the State provided sufficient information to support the trial court's finding of an adequate factual basis. Thus, the trial court did not abuse its discretion.[4]

2. Brown asserts that the trial court ignored his claim of innocence and that there was insufficient evidence with which to try him. Generally, a knowing and voluntary plea of guilty acts as a waiver of all defenses, known and unknown.[5]

At the plea hearing, Brown testified that he understood the charges, the possible sentences, and that by pleading guilty, he would be waiving certain rights, including his rights to have a trial by jury, to cross-examine witnesses, to offer evidence, to subpoena witnesses, and to have the assistance of counsel during a trial. He stated that his attorney had explained to him all of the elements that the State must establish to prove his guilt and that he was satisfied with his attorney's performance. Brown said that he was not under the influence of drugs or alcohol, that no one had promised him anything or threatened him to enter a guilty plea, and that he was entering the plea freely and voluntarily. The record does not show that Brown claimed innocence at the plea hearing. It shows that he entered a guilty plea and that the trial court accepted it.

At the sentencing hearing held two days after the plea hearing, Brown addressed the court, "I didn't hurt [the victim]. . . . I loved [her]." Brown did not seek to withdraw his plea at that time, but instead stated, "I am accepting responsibility only because of my love

---

[3] At the sentencing hearing, however, the assistant district attorney stated that Brown was seen "at the scene between 3:30 and 4:00 o'clock in the morning. The murder occurred somewhere between 5:45 and 6:00 a.m. that morning." Brown does not raise the discrepancy in the dates on appeal, and we do not find that it demonstrates that the trial court abused its discretion in finding a factual basis for Brown's guilty plea. See generally *Knight v. State*, 210 Ga. App. 63, 65 (2) (435 SE2d 276) (1993) (generally, a variance between date alleged in indictment and evidence presented at trial is not fatal).

[4] See generally *Jackson v. State*, 271 Ga. 705, 707 (2) (523 SE2d 871) (1999); *Green*, supra at 264-265; see *Evans*, supra (acceptance of guilty plea is deemed a factual finding of an adequate factual basis for plea).

[5] *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995); *Sample v. State*, 232 Ga. App. 690, 693 (2) (503 SE2d 576) (1998).

for [the victim]." The court then announced Brown's sentence. A few days later, Brown filed a motion to withdraw his guilty plea.

Pursuant to OCGA § 17-7-93 (b), an accused person has an absolute right to withdraw a plea of guilty and plead not guilty at any time before "judgment is pronounced." Orally announcing the sentence constitutes such a pronouncement under that Code section and ends that absolute right.[6] After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court.[7] Absent manifest abuse of that discretion, we will not disturb that ruling.[8]

The record shows that Brown knowingly and voluntarily entered a plea of guilty. Thus, his subsequent claims of innocence and insufficiency of the evidence against him were waived.[9] Consequently, Brown has failed to demonstrate that the trial court abused its discretion in denying his motion to withdraw his guilty plea.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 3, 2003.

Thomas S. Brown, *pro se.*

*Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney*, for appellee.

[6] *Coleman v. State*, 256 Ga. 77, 78 (1) (343 SE2d 695) (1986).

[7] *Anderson v. State*, 194 Ga. App. 395 (390 SE2d 637) (1990).

[8] Id.

[9] See *Zellmer v. State*, 257 Ga. App. 346, 347 (1) (571 SE2d 174) (2002); *Young v. State*, 254 Ga. App. 262, 264 (2) (562 SE2d 231) (2002).