**FIRST DIVISION**
**BARNES, P. J.,**
**LAND and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 13, 2024**

# In the Court of Appeals of Georgia

A23A1679. OLADUNNI v. THE STATE.
A23A1680. OLADUNNI v. THE STATE.

LAND, Judge.

Ibrahim Oladunni pled guilty to various crimes and the trial court entered a judgment of conviction on the plea. Proceeding pro se, Oladunni files two appeals from the trial court's denial of his motion to withdraw his guilty plea and his motion in arrest of judgment. For the following reasons, we affirm Oladunni's convictions, but we remand the case to the trial court for correction of a scrivener's error regarding Count 10 of the written sentencing order in Case No. A23A1679. We dismiss Case No. A23A1680 as duplicative.

This is the second appearance of this case before our Court. In 2019, Oladunni was indicted with various crimes arising from an incident where he shot a firearm into

crowd containing multiple law enforcement officers while he was operating a moving vehicle, which he then crashed, causing damage to other cars and a Taco Bell restaurant. Oladunni filed a general demurrer on December 3, 2018. Before the trial court ruled on the demurrer, the State obtained a superseding indictment regarding the same offenses.

Oladunni pled guilty to twelve offenses as part of a negotiated agreement with the State. He represented himself at the plea hearing with the assistance of "standby" counsel. Oladunni was sentenced to a total sentence of 20 years, consisting of 10 years to serve followed by 10 years of probation. Shortly after, Oladunni filed a motion to withdraw his guilty plea. A few days later, he filed a motion in arrest of judgment.

The trial court held two hearings on the motion to withdraw the guilty plea. In 2020, the trial court issued an order denying the motion to withdraw the guilty plea that included specific findings of fact. Oladunni filed multiple appeals with this Court, but those appeals were dismissed as not ripe because Oladuni's motion in arrest of judgment was still pending in the trial court. See *Oladunni v. State*, 356 Ga. App. 861 (849 SE2d 702) (2020). Upon remand, the trial court denied the pending motion in

arrest of judgment in two orders issued in 2023. Oladunni filed pro se notices of appeal from those orders.[1]

Before we reach the merits of this appeal, we note that Oladunni's pro se brief fails to comply with this Court's rules because he raises several arguments not raised in numbered enumerations of error. He also fails to support many of his arguments with citations to the record and legal authority. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned"). Oladunni's pro se status at the time he filed his appeal did not relieve him of his obligation to comply with the rules of this Court. See *Wimbush v. State*, 345 Ga. App. 54, 59 (1) (812 SE2d 489) (2018) ("The rules of this [C]ourt are not intended to provide an obstacle for the unwary or the pro se appellant") (citation and punctuation omitted). Briefs that do not conform to our rules "hinder this [C]ourt in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown." (Footnote omitted.) Id. at 60 (1). Nevertheless, in our discretion, we will address his claims of error to the extent that

---

[1] Because Oladunni's appellate briefs in Case Nos. A23A1679 and A23A1680 are nearly identical, we dismiss his appeal in Case No. A23A1680 as duplicative.

we are able to understand them. *Brooks v. State*, 365 Ga. App. 711, 713 (880 SE2d 226) (2022).

1. Oladunni appears to argue that the trial court erred by denying his motion to withdraw his plea. We find no error.

A defendant may withdraw a guilty plea after sentencing "only to correct a manifest injustice, such as where . . . the guilty plea was entered involuntarily or without an understanding of the nature of the charges." (Citation and punctuation omitted.) *McGuyton v. State*, 298 Ga. 351, 353 (1) (a) (782 SE2d 21) (2016). A trial court's decision on a motion to withdraw a guilty plea will not be disturbed absent a manifest abuse of its discretion. Id. When a defendant challenges the validity of a guilty plea, the State

> bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The [S]tate may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

4

(Citations omitted.) *Williams v. State*, 296 Ga. App. 270, 271 (1) (a) (674 SE2d 115) (2009). This Court "accept[s] the trial court's findings on all issues involving the resolution of witness credibility and factual disputes." Id.

Here, the trial court twice heard Oladunni's motion to withdraw his guilty plea. The trial court found that "the State met its burden of showing that [Oladunni's] plea was freely and voluntarily entered, that he understood the nature of the charges against him, and that he was aware of the consequences of his plea." The trial court was authorized to make these findings based upon the transcript of the plea, which shows that Oladunni was directly asked if his plea was freely and voluntarily given with full knowledge of the charges against him. Based upon this record, the trial court did not abuse its discretion when it denied Oladunni's motion to withdraw his guilty plea. See *McGuyton*, 298 Ga. at 354 (1) (a).

2. Oladunni argues that the trial court erred by denying his motion to withdraw his plea when no factual basis for his plea was presented. This argument is without merit.

Uniform Superior Court Rule 33.9 provides, in relevant part, that "[n]otwithstanding the acceptance of a plea of guilty, judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." The purpose of this rule "is to protect against someone pleading guilty when that person may know what he has done but may not know that those acts do not constitute the crime for which he is charged." (Citation and footnote omitted.) *Brown v. State*, 261 Ga. App. 448, 448 (1) (582 SE2d 588) (2003). Because this rule "requires the trial court to exercise its discretion to subjectively satisfy itself that there is a factual basis for the plea, it is incumbent upon the trial court to produce a record on the basis of which a reviewing court can determine whether an abuse of discretion occurred." (Footnote omitted.) Id.

The record reveals that the State stated, at the plea hearing, that had the case gone to trial, the evidence would have shown that Oladunni shot a firearm several times out of a moving vehicle into a crowd which included five law enforcement officers named in the indictment. Oladunni then lost control of the vehicle and crashed it, causing damage to both property and two vehicles. Oladunni was a convicted felon at that time. Regarding one of his convictions for criminal damage to

property, Oladunni notes that the indictment and the State's factual basis differ on the make and model of one of the cars he struck. However, Oladunni has not shown that this was a material difference that would alter the nature of the offense or punishment available. See e. g., *Swanton v. State*, 244 Ga. App. 372, 373 (1) (535 SE2d 343) (2000) (There is "no requirement that the elements of the crime be proven beyond a reasonable doubt. Rather, the court must satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged") (citation and punctuation omitted). The trial court did not err in denying his motion to withdraw his plea on this ground.

3. Oladunni raises multiple claims regarding his indictment, including claims regarding demurrers and claims that the indictment was not returned in open court.

(a) Oladunni argues that the State should not have been able to re-indict his case before the trial court ruled upon his special demurrer that was filed under the original indictment. His special demurrer alleged that the original indictment failed to specify which Taco Bell location was involved in the incident. This argument is without merit. The State is free to re-indict a case prior to trial and chose to do so in this case, and Oladunni cannot claim that he was harmed by the failure to quash a prior indictment.

See, e. g., *Bighams v. State*, 296 Ga. 267, 270 (3) (765 SE2d 917) (2014) (because a defendant can be re-indicted after the grant of a special demurrer, the failure to file such a general demurrer generally will not support a finding of ineffective assistance of counsel). See also *State v. Wyatt*, 295 Ga. 257, 259 (1) (b), n. 3 (759 SE2d 500) (2014) (when trial court failed to rule on pending demurrer to an indictment, the demurrer "is not properly before [the appellate court] for decision"). Compare OCGA § 17-7-53.1 (barring prosecution after *two* indictments charging the same offenses have been quashed).

(b) Oladunni argues that the State's re-indictment was not returned in open court. However, Oladunni has "failed to point to any evidence supporting this contention or that he objected to the indictment on this specific ground" before his guilty plea. *Brown v. State*, 346 Ga. App. 245, 246 (2) (816 SE2d 111) (2018). It is a "well-established principle that [a] plea of guilty . . . waives all defenses other than that the indictment charges no crime[.]" (Citation and punctuation omitted.) *Malvery v. State*, 303 Ga. 102, 103 (1) (810 SE2d 541) (2018). See *Peppers v. Balkcom*, 218 Ga. 749, 750-751 (2) (b) (130 SE2d 709) (1963) (defendant waived claim that indictment was not returned in open court by failing to raise the issue before trial).

(c) Oladunni claims that the trial court committed reversible error for not holding a hearing on his demurrers. This argument is without merit. The trial court held a hearing on his pending motions, including his demurrer and special demurrer. The trial court reviewed Oladunni's demurrers prior to the plea, offered Oladunni an opportunity to add additional arguments, and then orally denied Oladunni's demurrers.

4. Oladunni argues that his convictions for aggravated assault and reckless conduct should have merged for purposes of sentencing. However, crimes committed against different victims do not merge. *Sillah v. State*, 315 Ga. 741, 758 (7) (883 SE2d 756) (2023). Here, Oladunni shot a gun multiple times into a crowd containing law enforcement officers. As a result, he pled guilty to aggravated assault against five specific law enforcement individuals, whereas he pled guilty to reckless conduct for endangering the "general public" for shooting into a crowd. The trial court did not err by failing to merge the convictions. See *Watkins v. State,* 306 Ga. App. 769, 771 (3) (702 SE2d 904) (2010) (convictions for aggravated assault by firing a handgun into the crowd of which the victim was a part and aggravated battery arising from the act of shooting a specific victim did not merge). Compare *Brown v. State*, 339 Ga. App. 396,

404 (3) (793 SE2d 573) (2016) (because only one violation of the hit-and-run statute occurred, a defendant could not be convicted of multiple counts of that offense merely because the facts show that his *single* act affected more than one person).

5. Although not raised as an enumeration of error, the State has identified a scrivener's error in the written sentence for Oladunni's conviction as to Count 10, possession of a firearm during the commission of a felony.

At the plea hearing, the State announced that Oladunni would be sentenced to five years, to be served *consecutively* to the other counts, for Count 10. The State then announced that Oladunni would receive a total sentence of 25 years with 10 years to serve as part of the negotiated plea agreement. While imposing sentence at the hearing, the trial court orally announced a total sentence of 25 years with 10 years to serve. However, the written sentencing order contains an apparent scrivener's error because it sentences Oladunni to 20 years with 10 years to serve, and purports to run Oladunni's sentence for Count 10 (possession of a firearm during the commission of a felony) *concurrently* to Count 1 (aggravated assault against a law enforcement officer).

The trial court's written sentence fails to conform with both the terms of the negotiated plea as well as the trial court's orally pronounced sentence at the plea hearing. The written sentence on Count 10 also fails to conform with the law. See OCGA § 16-11-106 (b) (a person convicted of possession of a firearm during the commission of a felony "shall be punished by confinement for a period of five years, such sentence to run *consecutively* to any other sentence which the person has received") (emphasis supplied). See also *Weems v. State*, 295 Ga. App. 680 (673 SE2d 50) (2009) ("a trial court has discretion to suspend or probate all or part of the mandatory five-year sentence," and if the record affirmatively shows that the trial court believed that it lacked discretion to suspend or probate the defendant's sentence than the sentence must be vacated and case remanded for resentencing). Accordingly, we remand this case to the trial court for correction of an apparent scrivener's error in Oladunni's written sentence on Count 10. See *Russell v. State*, 309 Ga. 772, 785 (4) (b) (848 SE2d 404) (2020); *Hickson v. State*, 308 Ga. App. 50, 56 (6) (706 SE2d 670) (2011).

*Judgment affirmed in part, vacated in part and remanded in Case No. A23A1679. Case dismissed in Case No. A23A1680. Barnes, P. J., and Watkins, J., concur.*