A89A0498. DICKINSON v. THE STATE.
(382 SE2d 187)

Banke, Presiding Judge.

Dickinson brings this appeal from the denial of his plea in bar based on a claim of former jeopardy. See generally *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982).

On March 9, 1988, the appellant was involved in an altercation with his brother. The record does not disclose what exactly transpired during this altercation but does disclose that the appellant was arrested as a result of the incident and issued a "uniform traffic citation/accusation" charging him with violating a local ordinance prohibiting disorderly conduct. On April 5, 1988, he appeared in the Recorder's Court of Gwinnett County to answer the charge and entered a plea of nolo contendere. These proceedings were not recorded.

On March 25, 1988, before the appellant had entered his nolo plea, the police report dealing with the appellant's arrest was amended, based on information provided by the appellant's brother, to reflect that the appellant had damaged an automobile and had assaulted his brother and the latter's wife. Based on further investigation by the police, an arrest warrant was issued on April 12, 1988, followed by the present indictment, charging the appellant with two counts of simple assault and one count of criminal damage to property in the second degree. The appellant contends that each of these three charges arose from the same incident which gave rise to his arrest for disorderly conduct and that the present prosecution is consequently barred by his conviction of that offense. *Held:*

OCGA § 16-1-7 (b) requires that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." It has been held that this statute applies only where the several crimes " 'are *actually* known to the prosecuting officer *actually* handling the proceedings.' " *Baker v. State,* 257 Ga. 567, 569 (361 SE2d 808) (1987). (Emphasis from original.) See also *Powe v. State,* 257 Ga. 563 (361 SE2d 811) (1987).

The evidence of record in the present case reveals without dispute that the prosecuting officer in the recorder's court had no knowledge of the facts which would later form the basis for the state

charges against the appellant. It is further apparent that the Recorder's Court of Gwinnett County lacked jurisdiction to adjudicate these charges. See Ga. L. 1972, p. 3125, as amended.

In *Parker v. State*, 170 Ga. App. 333 (317 SE2d 209) (1984), we held that OCGA § 16-1-7 (b) "does not preclude successive state and municipal prosecutions, only successive prosecutions for state crimes." We consequently hold that the appellant's nolo plea to the charge of disorderly conduct in the present case presented no bar to the prosecution of the current charges, with the result that the appellant's plea in bar was properly denied. In the event it is later shown that the disorderly conduct conviction was based on the same conduct as one or more of the state charges, such that a conviction on one or more of those charges in addition to the disorderly conduct charge would violate the substantive bar against double jeopardy embodied in OCGA § 16-1-6 (1), then the disorderly conduct conviction may be set aside in an appropriate future proceeding. Cf. *Lowe v. State*, 240 Ga. 767, 769 (242 SE2d 582) (1978); *Herrera v. State*, 175 Ga. App. 740 (334 SE2d 339) (1985).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 5, 1989.

*MacKay, Cordes, Daniel & King, T. Emory Daniel, Jr., Philip B. Cordes,* for appellant.

*Thomas C. Lawler III, District Attorney, Scott A. Smeal, Debra K. Turner, Assistant District Attorneys,* for appellee.