## A92A1087. CATES v. THE STATE.
### (426 SE2d 576)

ANDREWS, Judge.

In his sole enumeration of error, Cates seeks to appeal the trial court's denial of his motion in autrefois convict and plea of double jeopardy. On or about July 20, 1990, Cates was involved in a motor vehicle accident and the City of Austell police department issued him two traffic citations: one for failure to stop at an accident with injuries (OCGA § 40-6-270) and the other for failure to carry a driver's license (OCGA § 40-5-29 (a)). The two offenses were merged and on September 11, 1990, Cates entered a plea of nolo contendere in the municipal court of Austell. As a result of his plea, Cates was fined $100, which he paid.

Also on July 20, 1990, the magistrate court of Cobb County issued a criminal warrant against Cates for three counts of aggravated assault and one count of failure to stop and render aid or information. The warrant stated that Cates intentionally and maliciously rammed the affiant's vehicle with his pickup truck and left the scene after the impact.

Ten months later, on May 30, 1991, the Grand Jury of Cobb County issued an indictment against him for three counts of aggravated assault and one count of criminal damage to property arising out of the automobile accident of July 20, 1990. The indictment charged that Cates unlawfully made three assaults with an automobile on July 20, 1990, and that he had interfered with the victim's property in a manner so as to endanger human life.

On September 4, 1991, Cates filed a motion in autrefois convict and plea of double jeopardy, claiming that the indictment against him violated double jeopardy protections and was prohibited under OCGA §§ 16-1-7 and 16-1-8. He appeals from the trial court's denial of that motion.

Cates first argues that OCGA § 16-1-7 (b) protects him from prosecution for the charges in the indictment since they arose from the same conduct, were within the jurisdiction of a single court and were known to the prosecuting attorney at the time he entered his plea, and thus should have been prosecuted with the traffic offenses. "Georgia's statutory bar to successive prosecutions, the procedural aspect of double jeopardy, is codified in OCGA § 16-1-7 (b) which provides that '(i)f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they

must be prosecuted in a single prosecution, except [as provided in subsection (c) of this Code section].'" *Anderson v. State*, 200 Ga. App. 530, 531 (408 SE2d 829) (1991).

Cates' assertion that the prosecuting officer was aware of the traffic charges against him at the time of commencing the prosecution is based on the fact that the warrant indicates that the Austell police department investigated the accident. Citing *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567) (1984), affirmed *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985), he argues that this fact combined with the two-month delay between the issuance of the warrant and his plea is "conclusive circumstantial evidence" that the prosecutor knew of the previous charges.

"In determining whether the prosecuting attorney had knowledge of the proceedings . . . , the Georgia Supreme Court in *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987), held that OCGA § 16-1-7 (b) applies only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings. Under *Baker*, the appellant bears the burden of showing that further prosecution is barred by the previous prosecution, including a showing that the proper prosecuting attorney had actual knowledge of all the charges. The record before this court is void of any evidence that the proper prosecuting officer had actual knowledge of all the charges pending against defendant. . . . Defendant's argument that the . . . police officer's knowledge of the Clarke County charges can be imputed to the proper prosecuting attorney has been repeatedly rejected by this court. Accordingly, the trial court properly denied defendant's plea of former jeopardy." (Citations and punctuation omitted.) *Anderson v. State*, supra at 532. Because Cates has not made a showing that the prosecuting officer had actual knowledge of the charges as required by OCGA § 16-1-7 (b), Cates' argument that this statute bars the charges against him is without merit and we need not address the other issues with regard to this statute which he raises. See also *Hayles v. State*, 188 Ga. App. 281 (372 SE2d 668) (1988); *Dickinson v. State*, 191 Ga. App. 467 (382 SE2d 187) (1989).

Next, Cates claims that the pending indictment violates the double jeopardy protections under OCGA § 16-1-8 (b) (1) since all of the relevant events occurred at the time of the automobile accident and the State was required to bring all charges arising out of the accident against him together. This argument is also without merit.

OCGA § 16-1-8 (b) provides that a "prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) resulted in either a conviction or acquittal and: (i) the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution; or (ii) is for a crime with which the accused should have been charged on the former

prosecution (unless the court ordered a separate trial of such charge); or (iii) is for a crime which involves the same conduct, unless (A) each prosecution requires proof of a fact not required on the other prosecution or (B) the crime was not consummated when the former trial began." *McCannon v. State*, 252 Ga. 515, 517-518 (315 SE2d 413) (1984).

The resolution of subpart (ii) has been addressed above. There is no bar under subpart (i) because Cates could not have been convicted for the aggravated assaults and criminal damage to property under the citations for the traffic offense. There is no bar under subpart (iii) because each prosecution requires proof of facts not required on the other. See generally *Potts v. State*, 261 Ga. 716 (410 SE2d 89) (1991); see generally *Grogan v. State*, 179 Ga. App. 300, 303 (2) (346 SE2d 378) (1986). Accordingly, the trial court's denial of the motion was proper.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 30, 1992 —
RECONSIDERATION DENIED DECEMBER 10, 1992

*Melvin S. Nash, James H. Williams*, for appellant.
*Thomas J. Charron, District Attorney, Russell J. Parker, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.