A94A1964. THE STATE v. HULSEY.
(455 SE2d 398)

POPE, Presiding Judge.

In its sole enumeration of error the State asserts the trial court erred in granting defendant's motion to dismiss his indictment based on his plea of former jeopardy. We agree and reverse.

Defendant Hulsey secured information about a man named Roy Sanford and used this information to obtain a driver's license in Sanford's name. When the defendant was arrested for driving under the influence, he produced this license. Defendant also secured a loan from ITT Financial Services using Sanford's name and, through a fraudulent credit application, used Sanford's name to purchase jewelry from Friedman's jewelry store.

The Friedman's forgery matter was bound over to the Fulton County Grand Jury by the Roswell City Court, and defendant was indicted. The traffic charges and ITT case were bound over to the Fulton County Grand Jury by the Alpharetta City Court. The ITT forgery was reduced to a misdemeanor (theft by deception), and was transferred along with the traffic offenses to the State Court of Fulton County. The assistant solicitor and the defendant's trial attorney both mistakenly believed that the Friedman forgery was the one that had been reduced to a misdemeanor. Pursuant to a plea agreement between the assistant solicitor and defendant, the jewelry was returned to Friedman's jewelry store. Defendant entered a plea of guilty to the traffic offenses. The theft by deception charge, which formerly was the ITT forgery but which the attorneys believed was the Friedman forgery, was placed on an inactive docket.

Defendant contends that the Friedman prosecution is now barred because the assistant solicitor and defendant's attorney negotiated a deal that incorporated the Friedman charge. However, the cases transferred from the Superior to the State Court of Fulton County involved offenses bound over from the Alpharetta City Court, and the Friedman case originated from Roswell City Court. Thus, any agreement between defendant and the assistant solicitor regarding the Friedman case was beyond the power of the State Court's assistant

solicitor, because jurisdiction over that case was never transferred from the Superior Court. See generally *State v. Hanson*, 249 Ga. 739, 744-747 (295 SE2d 297) (1982). The assistant solicitor did not have authority to make a deal on the Friedman matter, and any attempt to do so was void.

Defendant also asserts OCGA § 16-1-7 (b) is a bar to any further action by the state. We disagree. OCGA § 16-1-7 (b) provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." See also *Harrell v. State*, 196 Ga. App. 101, 103 (395 SE2d 598) (1990). "The phrase 'the same conduct' in this statute has been used interchangeably with the phrase 'the same transaction.' " (Citations and punctuation omitted.) *Harrell*, 196 Ga. App. at 103 (2). Here, the Friedman forgery did not arise from the same transaction as any of the Alpharetta charges, as it involved different parties, circumstances, locations, and times. It follows that OCGA § 16-1-7 (b) is not a bar to the State in proceeding with these charges.

Nor is this prosecution barred by OCGA § 16-1-8 (b) (1). "OCGA § 16-1-8 (b) provides that a prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) resulted in either a conviction or acquittal and: (i) the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution; or (ii) is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge); or (iii) is for a crime which involves the same conduct, unless (A) each prosecution requires proof of a fact not required on the other prosecution or (B) the crime was not consummated when the former trial began." (Citations and punctuation omitted.) *Cates v. State*, 206 Ga. App. 694, 695-696 (426 SE2d 576) (1992). There is no bar under subpart (i) as the defendant could not have been convicted of the Friedman forgery in the State Court due to lack of jurisdiction. Moreover, there is no bar under subpart (ii) because there is no evidence to suggest that the assistant district attorney actually handling the case knew of both forgeries or the traffic matters. See *McCannon v. State*, 252 Ga. 515, 517-518 (315 SE2d 413) (1984); *Cates*, 206 Ga. App. at 694-695. And there is no bar under subpart (iii) because each case required proving facts not required in the other case. Id. at 696.

Thus, the trial court erred in dismissing the indictment based on double jeopardy.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 16, 1995.

Lewis R. Slaton, District Attorney, Carl P. Greenberg, Charles W. Smegal, Assistant District Attorneys, for appellant.

Robert W. Chestney, Charles T. Magarahan, McReynolds & Welch, J. Michael Welch, for appellee.