A97A1201. BILLUPS v. THE STATE.
(493 SE2d 8)

BIRDSONG, Presiding Judge.

Robert Billups appeals from the denial of his plea of former jeopardy in this prosecution for aggravated assault.

On June 6, 1996 Billups fired a rifle at a house at 110 Minor Street in Clarke County, Georgia, where certain persons were sitting on the porch. He was charged with reckless conduct. The arresting

---

[4] On April 15, 1996, ABC submitted FitzGibbon's affidavit stating that, as of that date, Jurisco owed ABC $116,649.52.

officer also swore out warrants for aggravated assault based on the same shooting. In June 1996 the prosecutor filed an accusation in state court against Billups for reckless conduct. In October 1996 Billups was indicted on four counts of aggravated assault arising out of the same shooting. On December 12, 1996 Billups pled guilty in state court to reckless conduct. He moved to dismiss the aggravated assault indictments as double jeopardy.

The arrest report contains written reports of statements of witnesses which show there was at least one "victim" of the shooting. One "complainant" was appellant's girl friend's mother, who was sitting with her grandchild on the porch of the house and saw appellant "shooting towards [the house]." Another "victim who lives at 110 Minor [Street] saw [appellant] shooting towards her house." A witness who earlier heard appellant say he was "going to go kill someone" reported seeing a rifle stock sticking out of appellant's jacket, and hearing shots. The report also contains a statement of a witness who heard three or four shots and saw that appellant "appeared to be shooting at the people on the front porch at 110 Minor Street."

At the double jeopardy plea hearing in superior court, the assistant solicitor testified she read the arrest report before taking appellant's plea to reckless conduct but she did not "see all the elements of [aggravated assault]." She admitted she contacted the District Attorney's office to determine whether appellant had been convicted of any felonies; she "saw an arrest record [which] did not indicate any convictions . . . [and the DA's employee mentioned] that there were other charges pending." The DA's office told her that a 1995 case which was on the arrest record was still pending; "if they told me anything about this case . . . [i]t did not connect in my mind with the information I had. . . . [I]t's possible they told me that there were [pending aggravated assault charges]. . . ."

Defense counsel begged to be allowed to read into the record the arrest report which the prosecutor admitted she had read and which contains evidence of aggravated assault elements. Although defense counsel was trying to show that the prosecutor knew of the aggravated assault elements in the report, and not that anything in the report was true, the trial court ruled the report was hearsay, and further refused to allow the arresting officer to testify to what was in the report on grounds that under *Cates v. State*, 206 Ga. App. 694 (426 SE2d 576) the officer's knowledge could not be imputed to the prosecutor. Defense counsel argued, "The State cannot turn its back on the most blatant of evidence in its own file and . . . assert that it had no duty . . . to understand what it was looking at."

The trial court held this aggravated assault prosecution is not barred under OCGA § 16-1-7 (b) because the assistant solicitor did not know of "*charges pending*" in superior court and because the

defendant could have apprised her of the existence of other "crimes arising from the same conduct" (see *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808)); and that reckless conduct is not an included offense of aggravated assault under OCGA § 16-1-7 (a) (1). *Held*:

1. (a) The statutory bar to multiple prosecutions for the same conduct (OCGA § 16-1-7 (b)) requires a single prosecution if the prosecutor knows of several *"crimes"* arising from the same conduct. The trial court incorrectly interpreted this provision to mean the prosecutor must have knowledge of *charges pending*.

(b) The trial court erred in refusing to impute to prosecutors a knowledge of the law. The prosecutor read the arrest report containing evidence that appellant shot "at" and "toward" certain people after saying he was going to "kill someone." The report clearly contains evidence of aggravated assault. Multiple prosecutions for crimes arising from the same conduct have been allowed on grounds the prosecutor did not know all the *facts*, but they have never been justified on grounds the prosecutor did not know the *law*. The rule that everyone is presumed to know the law is "a violent presumption as to both lawyers and judges." *Felton v. State*, 93 Ga. App. 48, 49, 50 (90 SE2d 607). The prosecutor *actually knew* all the *facts* she read in the incident report; those facts contain elements of aggravated assault. *As a matter of law*, this expert on the law of crimes actually knew that the crime of aggravated assault was among the *"several crimes arising from the same conduct."* OCGA § 16-1-7 (b).

(c) The trial court also erred in ruling that single prosecutions are required only if a prosecutor knows of other "charges pending" as to the same conduct. The distinction between knowledge of "several crimes" arising from the same conduct (OCGA § 16-1-7 (b)) and knowledge of "pending charges" is vast. In a mobile society with multiple jurisdictions, it is unreasonable to expect prosecutors to know of all other *"pending charges"* relating to crimes they prosecute, but it is both reasonable and necessary to expect prosecutors to know what *crimes* arise from certain conduct, so long as they know all the *facts* of that conduct.

*Baker v. State*, supra, adopted a strict reading of OCGA § 16-1-7 (b). The statute does not require a single prosecution only if the prosecutor knows of "pending charges." The prosecutor who prosecuted Baker on traffic charges did not know the *fact* that Baker was an habitual violator. The court made it clear that the question was whether the assistant solicitor who prosecuted Baker for driving with no taillights "had actual knowledge of the [habitual violator] *offense*." Id. at 568.

*Baker* relies heavily on *McCannon v. State*, 252 Ga. 515, 519 (315 SE2d 413) where the indictment for aggravated assault and the accusations for possession of marijuana arose from the same conduct. The

court held that one prosecution was required because "both *crimes* were known to the [prosecutor]." (Emphasis supplied.) Id. at 518. *McCannon* finely distinguishes a hypothetical case where a single prosecution would not be required: where a defendant commits both rape and murder during the same conduct but there are separate witnesses to each crime and the prosecutor, without knowing *of the rape*, prosecutes the defendant for murder, a later prosecution for rape is not barred by OCGA § 16-1-7 (b) or by OCGA § 16-1-8 (b) (1), because "the [prosecutor] did not know of the *rape* at the time of commencing the murder prosecution." (Emphasis supplied.) Id. The prosecutor's knowledge of all the *facts* determines whether a single prosecution is required.

*Cates*, supra, refers to the prosecutor's lack of knowledge of "other charges" and "charges pending." But in fact, what allowed a second prosecution was the prosecutor's lack of knowledge of the *facts* of Cates' conduct and his resulting inability to assess the "several crimes" involved. The arresting officer knew that Cates' failure to stop at an accident with injuries involved aggravated assaults, but the *prosecutor* did not know those *facts*.

*Cates* cites *Dickinson v. State*, 191 Ga. App. 467, 468 (382 SE2d 187), where Dickinson was indicted for charges arising out of an altercation after he pled guilty to disorderly conduct. We held the question is whether "crimes" arising out of the same conduct are actually known to the prosecutor handling the proceedings; that record showed the prosecutor had no knowledge *"of the facts."*

In *Anderson v. State*, 200 Ga. App. 530 (408 SE2d 829) the defendant's vehicle was pursued by city police until the city officer's car wrecked. The city prosecuted the defendant for attempting to elude, not knowing that he also committed several other traffic offenses with which he was charged by county police, and for which a second prosecution was therefore not barred.

Similar facts control *Zater v. State*, 197 Ga. App. 648 (399 SE2d 222): the city prosecutor who dismissed a speeding charge filed by city police had no knowledge of the *fact* that Zater was DUI when arrested by a sheriff's officer during the same conduct.

In *Hayles v. State*, 188 Ga. App. 281 (372 SE2d 668) the defendant was charged with two traffic offenses and with driving while being an habitual violator. Before pleading guilty to the traffic offenses, the defendant knew the HV charge was bound over to superior court and he signed a waiver of a committal hearing on that charge. We said the defendant's burden was to show "that the proper prosecuting attorney had actual knowledge of all the *charges*" (emphasis supplied), but we cited *Baker*, and in *Baker* what the prosecutor did not know was the *fact* that Baker was an habitual violator, so that the prosecutor could not assess the "several crimes" arising

from Baker's conduct.

In *Farmer v. State*, 184 Ga. App. 851 (363 SE2d 62) the defendant was charged with two traffic offenses (including DUI) and for operating a vehicle while being an habitual violator, and the HV charge was bound over to superior court. We said nothing in the record showed the prosecutor knew of the HV "charge," but the issue was whether all the *crimes* were known to the prosecutor actually handling the first prosecution.

The prosecutor in this case read the arrest report and she actually knew all the facts and evidence of appellant's conduct. As an expert in the law she cannot be heard to say she did not know of the "several crimes" arising from that conduct. This prosecution is therefore barred by OCGA §§ 16-1-7 (b) and 16-1-8 (b) (1).

2. Even without regard to the imputed legal knowledge of prosecutor of the "several crimes" arising from certain conduct, the superior court erred in deciding "what the assistant solicitor knew" while refusing to call up the transcript of the reckless conduct plea hearing, particularly after defense counsel noted that the state court judge raised "the issue of a pending aggravated assault concerning Mr. Billups [and] this same incident." The reckless conduct plea hearing transcript, in fact, contains evidence from which it may be concluded the prosecutor *actually knew* about "the aggravated assault charge" arising from the same conduct as the reckless conduct charge.

We called up the transcript of that earlier prosecution. See OCGA § 5-6-41 (d) and (f). It shows the assistant solicitor advised the state court that appellant was "an inmate"; the judge recited the reckless conduct charge and then referred to "new charges [that are] apparently holding [appellant]," and the prosecutor said "I understand he's not able to make bond on his new charges." As appellant was entitled to bail as a matter of law on the misdemeanor reckless conduct charge (OCGA § 17-6-1 (b) (1)), those statements necessarily refer to the new charges of aggravated assault to which appellant pled not guilty three days earlier.

Moreover, the state court judge said: "Do you have a history on him? . . . I'm concerned by what I see here with so many gun — gun violations — weapons violations. [PROSECUTOR]: I have checked with the District Attorney's office even today and they have some felony cases pending. . . . THE COURT: Is the . . . aggravated assault charge, a felony, . . . still outstanding, too? [PROSECUTOR]: Yes. I checked with the D.A.'s office. It's still outstanding, the trial." There is no mention here of a 1995 aggravated assault charge which could not, in any case, be the "new charges."

3. The trial court erred in holding reckless conduct is not a lesser included offense of aggravated assault. We have held that as a matter of law, reckless conduct is a lesser included offense to aggravated

assault. *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457). Reckless conduct may not be included if undisputed evidence shows the defendant committed aggravated assault or nothing (*Dickerson v. State*, 207 Ga. App. 241 (1) (427 SE2d 591)), or there may be separate acts which were either reckless conduct or aggravated assault. *Marion v. State*, 224 Ga. App. 413 (2) (480 SE2d 869). In this case the charges differ only in that a "less serious risk of injury" and a lesser culpability sufficed to convict for reckless conduct, and the second prosecution is barred under OCGA §§ 16-1-7 (a) (2) and 16-1-8 (b) (1).

4. As the offenses are included, appellant could not be convicted in one trial of both reckless conduct and aggravated assault. Therefore he cannot be prosecuted in successive trials (*State v. O'Neal*, 156 Ga. App. 384 (274 SE2d 575)) and no failure of his "duty" to inform the prosecutor that his conduct contained elements of the crime of aggravated assault would deprive him of the protection of OCGA § 16-1-7 (b). Where, as in this case, the prosecutor knows all the facts of a defendant's conduct, the defendant can have a duty to advise the prosecutor of all "crimes" *or* "charges pending" related to that conduct only if we attribute to criminal defendants a degree of legal knowledge superior to that of the prosecutor. A defendant may know what he has done but may not know what crimes those acts constitute. See *State v. Evans*, 265 Ga. 332 (454 SE2d 468). As to the matter of "pending charges," OCGA § 16-1-7 (b) does not require a prosecutor to know of "pending charges" and defendant can therefore have no duty to tell him of "charges pending."

If the second prosecution in *Baker* had been unconstitutional, Baker's failure to tell the prosecutor that he was an habitual violator could not have saved the prosecution. The real turning point in *Baker* was not the fact that Baker did not reveal his status as an habitual violator; it was the fact that the habitual violator prosecution *was not a re-trial of his traffic offenses* and therefore did not violate his constitutional rights against being tried twice for the same acts. The state and federal constitutions do not easily allow waiver of former jeopardy rights. See *McClure v. State*, 179 Ga. App. 245 (345 SE2d 922).

For all these reasons, this aggravated assault prosecution "is jeopardy in the classic sense." *Kinney v. State*, 223 Ga. App. 418, 419, 420 (477 SE2d 843).

*Judgment reversed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 14, 1997.

*Janet S. Willy, James C. Bonner, Jr.*, for appellant.

*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney, William W. Tanner,* for appellee.