A06A0883. HARRISON v. THE STATE.
(637 SE2d 773)

ADAMS, Judge.

Paul Harrison appeals from the denial of his plea of double jeopardy. We affirm.

Harrison was indicted on April 8, 2003 for alleged violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO) (Indictment 03CR56010). This indictment alleged a scheme whereby Harrison, the owner of a real estate company, engaged in mortgage fraud designed to defraud various lending institutions. The first scheme took place between October 1, 2001 and May 8, 2002, and was centered around the law offices of co-defendant Barbara Renee Edwards Snead and involved fifteen other co-defendants and eight different properties. Harrison was convicted under Indictment 03CR56010, and sentenced to twenty years, sixteen to be served in prison and the remaining four on probation.

Several months later, Harrison was indicted again for violating the RICO Act by engaging in a similar mortgage fraud scheme

---

[1] *Albert v. Bryan*, 150 Ga. App. 649, 650-651 (258 SE2d 300) (1979).

(Indictment 04CR57911) in the same county and by the same prosecuting attorneys. The second scheme allegedly took place between June 2, 2000 and May 29, 2003, and was centered around the law offices of William Lewis Vaughn and James W. Avant, and involved Vaughn, Avant, Harrison and four other co-defendants, none of whom were named as co-defendants in the earlier indictment. The properties listed in this indictment were also different, as were the lending institutions involved.

Harrison filed a plea of double jeopardy arguing that the State should be barred from prosecuting him under Indictment 04CR57911 because the RICO violations and predicate offenses in that indictment arose from the same conduct upon which the earlier indictment and conviction had been based. See OCGA §§ 16-1-7 (b) and 16-1-8 (b). The trial court concluded that the violations alleged in the present indictment were distinct and different from those crimes for which Harrison was convicted in 03CR56010, and thus denied Harrison's plea of double jeopardy. We agree and affirm.

As stated above, both indictments alleged a scheme to defraud various lending institutions but involved different properties, co-conspirators, real estate transactions and, with the exception of one lender named in both indictments, different lenders[1] — in effect, two separate conspiracies. The fact that the two conspiracies may have overlapped in time and resulted in violations of the same criminal statutes is not determinative. The crimes did not occur as a result of one transaction or event, but rather involved multiple real estate transactions, multiple properties and multiple lenders.

> Although the . . . counts at issue arguably arose from the same type of conduct — and even from the same course of conduct, common scheme, pattern of behavior or modus operandi, the counts did not all arise from "the same conduct" in the sense of one specific transaction or unbroken sequence of events as used in OCGA §§ 16-1-7 (b) and 16-1-8 (b).

(Emphasis omitted.) *Summers v. State*, 263 Ga. App. 338, 341 (587 SE2d 768) (2003).

In this case, like in *Summers*, Harrison has not shown that the prosecution under Indictment 04CR57911 was barred as an imper-

---

[1] Six lenders were named in the first indictment and ten lenders were named in the second indictment.

missible successive prosecution following his previous trial and conviction under Indictment 03CR56010. The trial court correctly rejected his plea in bar under the circumstances here. Id.; *State v. Hulsey*, 216 Ga. App. 670, 671 (455 SE2d 398) (1995); see also *Syas v. State*, 273 Ga. App. 161, 164 (2), (3) (614 SE2d 803) (2005).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 20, 2006 — 

*Buford & Buford, Floyd M. Buford, Jr., for appellant.*

*Howard Z. Simms, District Attorney, Myra H. Kline, Sharell F. Lewis, Assistant District Attorneys, for appellee.*