## S09A0767. ELLIS v. THE STATE.
### (684 SE2d 263)

MELTON, Justice.

Benjamin Martin Ellis appeals from the trial court's denial of his Motion to Dismiss and Plea in Bar, alleging that the trial court erred in concluding that his prosecution for murder and aggravated assault was not barred by double jeopardy. For the reasons that follow, we affirm in part and reverse in part.

The record reveals that, on July 23, 2001, Ellis was arrested for repeatedly shaking Kayla McCoy, a child, which resulted in serious injuries to McCoy. In connection with the shaking incident, on February 22, 2002, Ellis pled guilty to one count of felony cruelty to children and was sentenced to fifteen years. Subsequent to the entry of the plea, however, McCoy died, allegedly as a result of the injuries she sustained from the shaking incident.

On June 3, 2008, Ellis was charged with malice murder, felony murder, and aggravated assault in connection with the July 23, 2001 shaking incident involving McCoy. On September 8, 2008, Ellis filed a Motion to Dismiss and Plea in Bar, contending, primarily, that pursuant to OCGA §§ 16-1-7 (b) and 16-1-8 (b), his 2002 guilty plea barred the State from prosecuting him for these additional crimes relating to the shaking incident.[1] With respect to the murder counts in the new indictment, however, Ellis is incorrect. Indeed, "[s]ince the murder was not yet complete because the victim had not died at the time of the [cruelty to children] conviction, the subsequent prosecution for murder [was] not barred by the express terms of [OCGA §§ 16-1-7 (b) and 16-1-8 (b) dealing with procedural double

---

[1] Ellis also argued below that the substantive double jeopardy protections provided by the Georgia and United States Constitutions barred his subsequent prosecution. Although Ellis repeats this contention on appeal, he fails to offer any substantive argument on this point in his brief. The claim must therefore be deemed abandoned. See Uniform Superior Court Rule 22. However, even if we assume that this contention has not been abandoned, it is without merit. See *Bell v. State*, 249 Ga. 644, 646 (3) (292 SE2d 402) (1982) ("[I]f the victim of a felony dies as a result of that felony after a defendant has already been convicted of the felony, double jeopardy considerations do not prevent a subsequent prosecution for felony-murder") (citation omitted).

jeopardy]." *Lowe v. State*, 240 Ga. 767, 768 (1) (242 SE2d 582) (1978). The trial court therefore did not err in denying Ellis' Motion to Dismiss and Plea in Bar insofar as it related to the murder and felony murder counts against him.

To the extent that the trial court's order would also allow the State to prosecute Ellis for aggravated assault under the new indictment, however, the trial court did err.[2]

> If . . . several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except [where] the court in the interest of justice [has] order[ed] that one or more of such charges be tried separately.

OCGA § 16-1-7 (b) and (c). The same facts in this case that supported the initial charge of felony cruelty to children also supported a charge of aggravated assault. Unlike the facts that supported the murder charges here, which arose later, all of the facts necessary to support an aggravated assault charge were known by the prosecutor to exist at the time that Ellis was initially indicted for cruelty to children. Thus, absent an order from the trial court that, in the interest of justice, the charges needed to be tried separately, the State was required to prosecute Ellis for aggravated assault in the same prosecution that it had initiated against him for cruelty to children. Id. See also *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985); *Billups v. State*, 228 Ga. App. 804 (1) (493 SE2d 8) (1997). Therefore, we reverse the trial court's order to the extent that it would allow the State to proceed with a separate charge of aggravated assault against Ellis based on the shaking incident involving McCoy.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Virgil L. Brown & Associates, Ronald J. Ellington*, for appellant.

---

[2] The trial court's order only expressly mentions the charges for malice murder and felony murder. However, in addition to challenging the murder charges, Ellis specifically raised the issue that the aggravated assault prosecution against him was barred as well. In this regard, the trial court ultimately denied Ellis' plea in bar in total. Thus, to the extent that the trial court ruled that the aggravated assault prosecution may still have been viable in addition to the prosecution on the murder charges, that issue will be addressed here.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.