### A11A1860. HERRINGTON v. THE STATE.
(726 SE2d 625)

BARNES, Presiding Judge.

Ryan D. Herrington appeals from the trial court's denial of his plea in bar and plea of former jeopardy, alleging that the trial court erred in finding that jeopardy had not attached upon his mistrial and in concluding that the State could add additional charges that arose from the same actions under a new indictment. For the reasons that follow, we reverse.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citation and punctuation omitted.) *Wilson v. State,* 229 Ga. App. 455 (494 SE2d 267) (1997).

The record reveals that Herrington was involved in an incident on April 20, 2009 with a victim who testified that, after she gave Herrington a ride to his house, he dragged her inside and sexually assaulted her. In contrast, Herrington maintained that he and the victim used methamphetamine together, after which she robbed him, they fought, and the victim stabbed him. Police obtained a search warrant for Herrington's house to look for weapons, evidence of recent occupants, and "any items used to store, manufacture or use methamphetamine," and, upon executing the search, discovered methamphetamine and items used to manufacture methamphetamine, as listed in the warrant return. Herrington was indicted for kidnapping, three counts of aggravated assault, three counts of possession of a knife during the commission of certain crimes, and possession of methamphetamine, all allegedly occurring on April 20, 2009. He was also indicted the same day for attempting to manufacture methamphetamine and possession of ephedrine with the intent to distribute, allegedly occurring between February 22, 2009 and July 1, 2009.

During trial on the eight counts in the first indictment, the trial court granted Herrington's motion for mistrial, agreeing that a police

officer's comment that he knew Herrington from an unrelated pseudo-ephedrine investigation had improperly placed Herrington's character directly into issue. The State re-indicted Herrington on the previous eight charges and added two more, for trafficking in methamphetamine and for criminal attempt to commit trafficking in methamphetamine, both allegedly having occurred on April 20, 2009.

Herrington filed a "plea in bar and plea of former jeopardy," asserting that the State was procedurally barred from prosecuting him for the added drug trafficking and attempted trafficking charges per OCGA § 16-1-7 (b), which provides that multiple offenses arising from the same conduct and known to the prosecution must be prosecuted in a single proceeding. Following a hearing, the trial court denied the motion, finding that jeopardy had not attached and that therefore the State was not barred from prosecuting the additional charges.

Herrington contends that the trial court erred in denying his plea in bar based on procedural double jeopardy, because jeopardy had attached. He further argues that because the trafficking and attempted trafficking charges allege the same date, April 20, 2009, and involve the "same circumstances, locations and times," the State could not increase the charges after jeopardy had attached. We agree jeopardy had attached and that the State is prohibited by OCGA § 16-1-7 (b) from adding new charges to the indictment.

1. The Fifth Amendment to the United States Constitution and the Georgia Constitution prohibit the government from placing a defendant in jeopardy twice for the same offense once he has been convicted or acquitted, and also prohibit multiple punishments for the same offense. Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII; *Garrett v. State*, 306 Ga. App. 429, 430 (702 SE2d 470) (2010). Georgia has by statute extended the prohibition of double jeopardy beyond those substantive constitutional limits by placing procedural bars on multiple prosecutions arising out of the same criminal conduct. OCGA §§ 16-1-6, 16-1-7, 16-1-8; *Stone v. State*, 166 Ga. App. 245 (1) (304 SE2d 94) (1983).

"A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn." (Citations and punctuation omitted.) *Turner v. State*, 152 Ga. App. 354, 355 (1) (262 SE2d 618) (1979). "The absence of a prior conviction or acquittal on the accusation is not dispositive as to appellant's rights under OCGA § 16-1-7 (b)." *Cochran v. State*, 176 Ga. App. 58, 59 (335 SE2d 165) (1985). Thus, Herrington was placed in jeopardy when his jury was sworn in the first trial. The trial court erred in holding that jeopardy had not attached on the previous charges because of the mistrial.

2. The fact that jeopardy attached on the previous charges when the jury was sworn, however, does not end the analysis. OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution" unless the trial court severs the trial on separate counts in the interest of justice. OCGA § 16-1-7 (c).

In determining whether two offenses arise from the same conduct or transaction, Georgia courts have considered whether the two crimes involve the same "parties, circumstances, locations, and times." *State v. Hulsey*, 216 Ga. App. 670, 671 (455 SE2d 398) (1995). The courts also consider whether "evidence of the other offenses could be presented without permitting evidence of the [first offense] or vice versa." (Citations and punctuation omitted.) *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990). Further, in determining whether the prosecuting attorney had knowledge of the proceedings, our Supreme Court in *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987), held that OCGA § 16-1-7 (b) applies "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings."

The State does not contest that it knew about the alleged trafficking crimes when it obtained the first indictment. It argues instead that Herrington was not placed in jeopardy on these charges when the first jury was sworn because the trafficking and attempted trafficking charges arose from "distinct and independent criminal conduct." It also argues that the re-indictment "merely combined the charges contained in two existing indictments . . . in an effort to prevent any future evidentiary problems." But the charges in the previous two-count indictment that was handed down on September 21, 2009 were for different offenses than the ones the State added to the re-indictment. The two-count indictment charged Herrington with attempting to commit the manufacturing of methamphetamine and possession of ephedrine with the intent to distribute, and covered a different time period, alleging the offenses occurred between February 22, 2009 and July 1, 2009.

The trafficking counts included in the re-indictment alleged that Herrington and a co-defendant "knowingly manufacture[d] less than 200 grams of methamphetamine" on April 20, 2009. The attempted trafficking count alleged that Herrington and a co-defendant attempted to commit the crime of trafficking methamphetamine on April 20, 2009, by "knowingly and intentionally perform[ing] acts which constituted a substantial step toward the commission of said crime, to wit: assembled necessary components for the manufacture

of methamphetamine. . . ." The two counts added to the re-indictment are not the same counts from the previous two-count indictment, but increase the charges against Herrington based on conduct that, according to the indictment, arose from misconduct occurring on April 20, 2009.

Further, all of the crimes were actually known to the prosecutor when he commenced the first prosecution. Before the first trial, Herrington moved to exclude from the trial any evidence related to the manufacture of methamphetamine that was found on April 20, 2009 at Herrington's house. The State argued in response that "items used for the manufacture [of] methamphetamine" were found in Herrington's kitchen and outside the house, and commented that "theoretically we could have charged [Herrington] with conspiracy or criminal attempt or something like that." After the mistrial, the State did charge Herrington with criminal attempt to manufacture methamphetamine, which it acknowledged on the record it could have done previously.

> OCGA § 16-1-7 (b) is a procedural double jeopardy provision which is designed to protect an accused against the harassment of multiple prosecutions arising from the same conduct. Thus, the prosecuting officer must avoid jeopardy from attaching as to the less than all charges arising out of defendant's "same conduct" where, at the time he commences the prosecution by filing an accusation or achieving return of an indictment, he actually knows of the other charges.

(Citation and punctuation omitted.) *Smith v. State*, 190 Ga. App. 246, 247-248 (378 SE2d 493) (1989).

In this case, jeopardy attached to less than all the charges arising on April 20, 2009, all of which were known to the prosecutor then. Accordingly, the trial court erred in denying Herrington's plea in bar as to the trafficking in methamphetamine and criminal attempt to manufacture methamphetamine charges.

*Judgment reversed. Adams, J., concurs. Blackwell, J., concurs in the judgment only.*

DECIDED MARCH 23, 2012.

*Gillen, Withers & Lake, Thomas A. Withers*, for appellant.

*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.