**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 3, 2023**

# In the Court of Appeals of Georgia

A23A0385. MATHIS v. THE STATE.

MILLER, Presiding Judge.

Jerrell Mathis seeks review after the trial court denied his motion to withdraw his guilty plea to various sexual offenses, said guilty plea being entered after the jury was sworn during the second trial conducted in these criminal proceedings. On appeal, Mathis argues that (1) the trial court erred by denying his plea in bar seeking to dismiss the indictment on double jeopardy grounds based on alleged prosecutorial misconduct that occurred in the first trial; and that (2) his trial counsel was ineffective for failing to properly litigate his plea in bar and for failing to move to dismiss two new counts that the State added upon re-indicting Mathis after the first trial. Upon a close review of the record and the relevant law, we conclude that the trial court properly denied Mathis' plea in bar based on prosecutorial misconduct, but we agree

that trial counsel was ineffective for failing to move to dismiss the newly added counts, and we remand for the trial court to reconsider whether this ineffectiveness prejudiced Mathis so that he is entitled to withdraw his guilty plea.

"After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion." (Citation omitted.) *Barnes v. State*, 331 Ga. App. 382, 383 (771 SE2d 82) (2015).

According to the record, a grand jury indicted Mathis on one count of aggravated child molestation (OCGA § 16-6-4) and one count of statutory rape (OCGA § 16-6-3) relating to allegations that he had sexual intercourse with a minor, N. P., on May 11, 2013, and that he also performed a sexual act involving his mouth and N. P.'s sexual organ. During the first trial, a State investigator testified that, during the investigation, she had made contact with Mathis in an attempt to locate N. P.'s mother. The investigator testified that Mathis told her that he did not have contact with her. After this testimony, the trial court stopped the proceedings, and the defense moved for a mistrial on the grounds that the conversation was not admissible because it occurred while Mathis was represented by counsel, and counsel was not present at the time of the conversation. The trial court granted the motion and

2

declared a mistrial. Following the trial, Mathis moved for a complete discharge and acquittal on the grounds that the prosecution had deliberately goaded Mathis to move for a mistrial based on prosecutorial misconduct, but the trial court denied the motion.

A grand jury re-indicted Mathis on the count of statutory rape and the count of aggravated child molestation while also adding one count of enticing a child for indecent purposes (OCGA § 16-6-5) and an additional count of aggravated child molestation. The two new counts alleged that, on the same day as the acts alleged in the two prior counts, Mathis enticed N. P. to the basement of her house for the purpose of indecent acts and that he also committed a sexual act with her involving his sexual organ and N. P.'s mouth. Before trial, Mathis moved to dismiss the indictment as barred by double jeopardy based on the alleged prosecutorial misconduct in the first trial. The trial court denied the motion because it raised the same issues that were already addressed as part of the first prosecution. During the second trial, after the parties presented their opening arguments but before evidence was presented and the jury reached a verdict, Mathis entered an *Alford*[1] plea to all

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (91 S.Ct. 160, 27 LE2d 162) (1970).

counts of the second indictment. The trial court sentenced Mathis to 15 years, with the first 10 years to be served in prison and the remainder to be served on probation.

Within the same term of court, while represented by new counsel, Mathis filed a motion to withdraw his guilty plea. Mathis argued that the trial court erred in denying his motion to dismiss the indictment for prosecutorial misconduct and that his plea counsel provided ineffective assistance for failing to properly file and litigate the motion to dismiss and that plea counsel was ineffective for allowing Mathis to plead to counts that were barred by double jeopardy. Following a hearing, the trial court denied the motion to withdraw, and this appeal followed.

1. Mathis first argues that the trial court erred by denying his motion to dismiss the indictment based on the alleged prosecutorial misconduct in the first trial. He argues that there was a plethora of evidence to show that the prosecution "goaded" him to move for a mistrial to obtain a second chance at the prosecution after the first trial was proceeding poorly for the State. We conclude that the trial court properly determined that the prosecution did not goad Mathis into moving for a mistrial and that the Double Jeopardy Clause therefore did not bar a retrial.[2]

---

[2] We note that Mathis' claim of constitutional double jeopardy was not barred or waived by his entry of a guilty plea to the charged offenses. *Williams v. State*, 288 Ga. 7, 8 (1) n.1 (700 SE2d 564) (2010).

4

In general, when a defendant makes a motion for a mistrial he waives any claim of double jeopardy. But, where the prosecutor has goaded the defense into making a motion for a mistrial in order for the prosecution to avoid reversal of the conviction because of prosecutorial or judicial error or to otherwise obtain a more favorable chance for a guilty verdict on retrial, the Double Jeopardy Clause will stand as a bar to retrial. . . . The inquiry is whether the prosecutor intended to goad the defendant into moving for a mistrial and thus terminate the trial. What is critical is the objective of the prosecutor's conduct. Even where the prosecutor's misconduct is intentional and sufficient to justify a grant of mistrial, his or her misconduct will not prohibit a retrial unless the record shows that the prosecutor's objective was to abort the trial and to subvert the protections afforded by the Double Jeopardy Clause. The question of whether the prosecutor intended to goad the defendant into moving for a mistrial is a question of fact for the trial court to resolve. The trial court's resolution of fact will be upheld unless clearly erroneous. A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them.

(Citations and punctuation omitted.) *Harris v. State*, 344 Ga. App. 193, 194-195 (810 SE2d 563) (2018).

Here, there is at least some evidence to support the trial court's conclusions that the prosecution was not attempting to goad Mathis to move for a mistrial in an

5

attempt to abort the trial and subvert the protections of the Double Jeopardy Clause. After the defense moved for a mistrial, the prosecutor repeatedly opposed the declaration of mistrial and attempted to continue to question the investigator to obtain a record and to establish that no prosecutorial misconduct occurred. These actions tend to show that the prosecutor was not attempting to abort the trial by forcing the defense to declare a mistrial. See *Harris*, supra, 344 Ga. App. at 195 ("The fact that the prosecutor argued against a mistrial and requested that . . . the trial go forward provides further evidence that the prosecutor was prepared to try the case immediately and did not intend to cause a mistrial to gain delay.") (citation and punctuation omitted). Additionally, the assistant district attorney who handled the first trial testified at the hearing that she believed the trial was going well and that she had no desire to redo the trial because the victim and her family deserved closure. "[U]nless the prosecutor is intentionally trying to abort the trial, [her] misconduct will not bar a retrial. It doesn't even matter that [s]he knows [s]he is acting improperly, provided that [her] aim is to get a conviction. The only relevant intent is the intent to terminate the trial, not the intent to prevail at trial by impermissible means." (Citation and punctuation omitted.) *State v. Traylor*, 281 Ga. 730, 732 (642 SE2d 700) (2007). Because there was some evidence showing that the prosecution was not attempting

6

to terminate or abort the trial, the trial court did not abuse its discretion by denying Mathis' plea in bar based on prosecutorial misconduct.

2. Mathis next argues that his trial counsel provided ineffective assistance by failing to properly file and litigate the plea in bar to dismiss the second indictment based on alleged prosecutorial misconduct and by failing to move to dismiss the newly added charges, which he argues were barred by procedural double jeopardy. We ultimately conclude that Mathis has shown that his counsel provided ineffective assistance by failing to move to dismiss the newly added counts of the second indictment, and we remand for the trial court to reconsider whether he was prejudiced by these alleged errors such that he is entitled to withdraw his guilty plea.

> When a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LEd2d 674) (1984). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, in the absence of his attorneys' errors, he would not have pled guilty and would have insisted on going to trial.

(Citations and punctuation omitted.) *Ingram v. State*, 338 Ga. App. 552, 553 (790 SE2d 641) (2016).

(a) First, to the extent Mathis argues that his trial counsel was ineffective for failing to properly argue and litigate the plea in bar to dismiss the second indictment based on the alleged prosecutorial misconduct in the first trial, as we held in Division 1, the trial court did not abuse its discretion by concluding that the prosecution did not goad Mathis into moving for a mistrial. Thus, Mathis cannot show that trial counsel performed deficiently in this regard. See *Johnson v. State*, 310 Ga. 685, 691-692 (3) (853 SE2d 635) (2021) (trial counsel's failure to properly pursue a meritless motion was not deficient performance).

(b) We agree with Mathis, however, that his trial counsel was ineffective for failing to move to dismiss the newly added counts as barred by procedural double jeopardy under OCGA § 16-1-7 (b).[3]

---

[3] Although Mathis characterizes this enumeration as arguing that his trial counsel was ineffective for "allowing him to plead to counts that were barred by double jeopardy," Mathis does not appear to be arguing that trial counsel was ineffective for failing to inform and advise him concerning this defense. A fair reading of Mathis' brief clarifies that his actual argument is that trial counsel was ineffective for failing to file a plea in bar to dismiss the two new counts prior to the second trial, which is how we will analyze this claim.

Under OCGA § 16-1-7 (b), if several crimes (1) arising from the same conduct are (2) known to the proper prosecuting officer at the time of commencing the prosecution and are (3) within the jurisdiction of a single court, they must be prosecuted in a single prosecution. *A second prosecution is barred* under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied. The defendant bears the burden of proving procedural double jeopardy, and a court must make decisions based on the limited facts or representations that are currently available from the parties.

(Citations omitted and emphasis supplied and omitted.) *Schrader v. State*, 364 Ga. App. 631, 632 (876 SE2d 60) (2022). "Unlike constitutionally based double jeopardy, statutory procedural double jeopardy extends the concept of res judicata to the successive prosecution of different crimes arising from the same conduct in situations where the State should have prosecuted the different crimes in a single proceeding." *Maxwell v. State*, 311 Ga. 673, 677 (2) (859 SE2d 58) (2021).

For the first prong, "[i]n order to determine whether offenses occurred as a result of the same conduct to constitute procedural double jeopardy, the crimes, inter alia, must arise from the same transaction or continuing course of conduct, occur at the same scene, occur on the same date, and occur without a break in the action."

9

(Citation and punctuation omitted.) *Maxwell*, supra, 311 Ga. at 679 (3) (c). Here, Based on the prosecutor's testimony, the enticement count was based on acts Mathis allegedly undertook to lure N. P. to the basement of her parents' residence wherein the acts underlying the other three counts all then occurred. She further testified that she added the two new counts to "more fully and comprehensively account" for what allegedly occurred during this same incident. There thus appears to be no dispute that the two newly added counts of conviction for enticing a minor and aggravated child molestation "arose from the same conduct" as the original two counts because the four charges all arose from the same course of conduct between Mathis and N. P. See *Nicely v. State*, 305 Ga. App. 387, 389 (1) (699 SE2d 774) (2010) (traffic violation and charge of possession of cocaine both discovered as part of the same traffic stop were part of the same transaction and course of conduct such that they were required to be brought in the same prosecution under OCGA § 16-1-7 (b)). And the third prong is clearly met because all four counts are within the jurisdiction of the Superior Court, which has exclusive jurisdiction over all felony charges. Ga. Const. of 1983, Art. VI, Sec. IV, Par. 1.

We also determine that Mathis has established that the prosecution knew about the additional crimes at the time of the first trial. Under the second prong of the

procedural double jeopardy test, we do not look to whether the prosecutor had constructive knowledge of the additional claims, but the test instead applies "only to such crimes which are *actually* known to the prosecuting officer" handling the proceedings. (Citation and punctuation omitted; emphasis in original.) *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987). "[S]ince a prosecution is commenced with the return of the indictment or the filing of the accusation, 'the prosecuting officer actually handling the proceedings' refers to the attorney who initiates the case, either by filing the accusation or achieving a return of the indictment." (Citation and punctuation omitted.) *Hill v. State*, 234 Ga. App. 173, 175 (1) (507 SE2d 3) (1998); see also *Banks v. State*, 320 Ga. App. 98, 101 n.11 (739 SE2d 414) (2013) (directing courts to look to the prosecution's knowledge at the commencement of the prosecution and stating that "[i]f the prosecutor learned of new charges after indictment, double jeopardy under [OCGA § 16-1-7 (b)] would not apply.").[4] The defendant "bears the burden of affirmatively showing that the prosecuting attorney

[4] Because we look to the prosecution's knowledge at the time that the original indictment was filed, we decline the State's invitation to look at the knowledge of the assistant district attorney who handled both of Mathis' trials, as she was not the person who filed the original indictment. See *Hill*, supra, 234 Ga. App. at 175 (1) ("We . . . disagree with the [S]tate's argument that the assistant solicitor who handled Hill's plea proceeding was the prosecuting officer 'actually handling the proceedings[.]'").

11

for the State who handled the first prosecution had actual knowledge of the facts supporting the charge allegedly subject to a plea in bar." *Nicely*, supra, 305 Ga. App. at 388 (1); see also *Billups v. State*, 228 Ga. App. 804, 806-808 (1) (b)-(c) (493 SE2d 8) (1997) (concluding that a defendant need only show that the prosecution knew of the facts and evidence underlying the additional claims).

Here, Mathis directs us to the case reports in the record which show that, in August 2013, the relevant police department conferred with the Fulton County District Attorney's office concerning the incident between Mathis and N. P., and the District Attorney's office "confirmed [that] the proper charges in this case would be Statutory Rape and enticing a child." Additionally, according to the arrest report entered in January 2014, the police affidavit underlying the warrant averred that N. P. had alleged that Mathis both performed oral sex on her and that he also forced N. P. to perform oral sex on him.[5] These documents were all produced by the State in discovery almost immediately after the first indictment was filed.[6] This case was also

---

[5] "Because a prosecutor is an expert in the law, once a prosecutor reads an arrest report and actually knows all of the facts of the defendant's conduct, he or she is charged with the knowledge of the various crimes that arise from such conduct." (Citation and punctuation omitted.) *Nicely*, supra, 305 Ga. App. at 388 (1) n.5.

[6] To the extent these documents were prepared or handled by different individuals, the knowledge of one prosecuting officer may be imputed to others

12

handled by the same prosecutor's office at all times, as indicated by the fact that District Attorney Paul Howard's name is listed on both indictments. We conclude that this evidence was clearly sufficient to show that, when the original indictment was entered in May 2014, the District Attorney's office had actual knowledge of the facts underlying the enticement charge and the aggravated molestation charge based on Mathis having N. P. perform oral sex on him. See *Billups*, 228 Ga. App. at 806-808 (1) (c) (prosecutor who was aware of the arrest report and all the facts and evidence underlying the claims therefore knew of the "several crimes" underlying the conduct); see also *Nicely*, 305 Ga. App. at 390 (1) & n.12 (knowledge of one member of the district attorney's office of the facts underlying the case can be imputed to other members of the same office); *Smith v. State*, 190 Ga. App. 246, 247 (378 SE2d 493) (1989) (arrest warrants supporting an accusation and the indictment "show[ed] that the other charges were known" to the prosecution for the purposes of procedural double jeopardy); compare *Holt v. State*, 339 Ga. App. 230, 236-237 (2) (793 SE2d 516) (2016) (physical precedent only) (defendant did not show that prosecution was actually aware of the existence of other claims when the evidence showed that the prosecution was not aware of the defendant's involvement with the newly charged

working in the same office. *Hill*, supra, 234 Ga.App. at 175–176 (1).

13

crimes at the time of the first prosecution and "the record contain[ed] no evidence as to what any arrest report or warrant associated with the [first] prosecution said."). Because Mathis has shown that all three prongs of OCGA § 16-1-7 (b) were satisfied, he has shown that a plea in bar based on procedural double jeopardy to dismiss the two newly added counts under OCGA § 16-1-8 (b) would have been successful.

Additionally, trial counsel was aware of the possibility of a procedural double jeopardy defense to the newly added charges, as just before voir dire, he expressed an intent to file an additional plea in bar to the newly added "charges that varied from the prior indictment." Further, at the hearing on Mathis' motion to withdraw, trial counsel expressed that he intended to raise the issue. However, upon reviewing the record, we conclude that trial counsel did not properly raise this issue. Our review shows that trial counsel did not actually raise an argument based on the procedural double jeopardy statute directly at the hearing before voir dire but instead folded this argument into his prosecutorial misconduct argument, and he never actually filed such a motion or raised the issue of a procedural double jeopardy defense under OCGA § 16-1-8 (b) before trial. While the trial court noted that counsel cited *Herrington v. State*, 315 Ga. App. 101 (726 SE2d 625) (2012) (physical precedent only), to support his procedural double jeopardy argument, it appears that the only

14

reference to that case on the record was made by the trial court. In any event, while the trial court ruled on trial counsel's argument concerning prosecutorial misconduct at the pre-trial hearing, our review of the record does not show that the trial court ever ruled on any procedural double jeopardy argument. Finally, to the extent the record shows that trial counsel expressed an intent to raise the issue at trial, it is well-settled that "a defendant's failure to file a written plea in bar prior to a second trial waives the right to subsequently raise a challenge on procedural double jeopardy grounds." (Citation omitted.) *Alexander v. State*, 279 Ga. 683, 685 (2) (b) (620 SE2d 792) (2005). Thus, trial counsel's failure to raise this issue properly was not based on reasonable trial tactics or strategy, and we conclude that trial counsel provided ineffective assistance by failing to file a plea in bar to dismiss these new additional charges.

(c) We cannot conclude on this record, however, whether Mathis has shown that he was prejudiced by his counsel's ineffective assistance.

As part of its order denying Mathis's motion to withdraw, the trial court specifically concluded that Mathis did not plead guilty as the result of his trial counsel's alleged ineffective assistance because Mathis knowingly and voluntarily entered his guilty plea and that Mathis had indicated that he was satisfied with his

15

trial counsel's performance. While we readily accept these findings, see *Jones v. State*, 287 Ga. 270, 272 (695 SE2d 271) (2010) ("[The trial court's] factual findings and credibility determinations will be accepted unless clearly erroneous.") (citation omitted), these findings do not address the pertinent question of whether there is a reasonable probability that trial counsel's error in failing to move to dismiss the new counts affected the reasoning behind Mathis' decision to plead guilty.

This omission is all the more important because the record as to Mathis' reasoning for entering a plea does not appear to be conclusive. While Mathis himself did not testify at the hearing on his motion to withdraw his guilty plea,[7] his trial counsel testified at the hearing that it was his impression that Mathis entered the plea because of the additional charges that were introduced as part of the second indictment and proceeding. On the other hand, trial counsel also testified that pleading guilty "was [Mathis'] decision" and that trial counsel "was quite surprised that [Mathis] wanted to plead guilty. And I talked to him about it. But he was in full panic mode. He wanted to plead guilty." Accordingly, because the question of

---

[7] Although Mathis makes unsupported assertions in his appellate brief that, but for these errors, he would not have pled guilty, "factual assertions in briefs that are unsupported by the record cannot be considered in the appellate process." (Citation omitted.) *Parker v. State*, 283 Ga. App. 714, 717 (2) (d) (642 SE2d 111) (2007).

16

whether Mathis can demonstrate prejudice involves "decisions regarding witness credibility that are uniquely the province of the trier of fact," (Citation omitted.) *Taylor v. State*, 304 Ga. App. 878, 884 (2) (698 SE2d 384) (2010), we remand for the trial court to reconsider whether Mathis has shown that, but for his trial counsel's errors, he would not have pled guilty. See id. at 884-885 (2) (remanding for the trial court to address whether the defendant had shown that, but for his trial counsel's failure to give him proper advice, he would not have pled guilty).

Accordingly, we affirm the trial court's denial of Mathis' plea in bar based on prosecutorial misconduct, but we reverse the trial court's conclusion that trial counsel provided effective assistance and remand for it to reconsider whether Mathis showed that, but for counsel's error in failing to move to dismiss the newly added counts, he would not have pled guilty and would have insisted on going to trial.

*Judgment affirmed in part, reversed in part and case remanded with direction. Mercier and Hodges, JJ., concur.*